LEONARD W. VOLK *et al.*

*v.*

JAMES A. ROCHE.

1. INSTRUCTION — *when accuracy and perspicuity required.* Where there is a conflict of evidence, or where the evidence leaves it doubtful which way the jury should find, the instructions should not only be accurate, but also clear and perspicuous. They should aid the jury in arriving at a correct conclusion, and should not be calculated to mislead or leave them in doubt as to the law arising upon the evidence.

2. SAME — *misleading.* In a suit upon a note with a condition that the same was subject to all payments made to the payee, as a partner of the maker, and not charged upon the books of the firm, where such payments were pleaded, and also a plea of set-off, an instruction that, if the matters of defense under the condition in the note are not proved, the jury should

298          VOLK *et al. v.* ROCHE.          [Sept. T.

Opinion of the Court.

find for the plaintiff, is calculated to mislead, as ignoring the defense and proof under the plea of set-off.

3. PARTNERSHIP—*right to charge for debts paid after dissolution.* An authority from one partner to a co-partner, to pay debts for him, if given before the dissolution, is as good as if given after, and the partner so paying will have a right of action to recover for the same in either case, whether the same has been charged on the books of the firm or not.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, by James A. Roche against Leonard W. Volk, John Feeny and Edward Burkhardt, upon a promissory note. The opinion of the court contains a statement of the points involved. The defendants appealed.

Messrs. KING, SCOTT & PAYSON, for the appellants.

Messrs. SNOWHOOK & GRAY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellants gave to appellee a note for $1250, due at six months, with 10 per cent interest. But the note was subject to a condition, that any and all such sums of money as had been received by appellee, as a co-partner with appellants, and not charged to appellee on the books of the co-partnership previously existing between the payee and makers, with interest at the rate of 10 per cent, should be deducted from the note. Suit was brought by the payee on this note, against the makers. They filed the plea of the general issue, and a plea that plaintiff had received large sums of money, as co-partner of defendants, which were not charged on the partnership books. Also a plea of set-off, for money paid by the makers for the use of the payee. A trial was had, and a verdict was found for plaintiff, and, after overruling a motion for a new trial, the court rendered judgment on the verdict.

The evidence was conflicting, and appellants insist that the

instructions were erroneous, and misled the jury. Where there is a conflict of evidence, or where it leaves it doubtful which way the jury should find, it is important that the instructions should be not only accurate, but clear and perspicuous. They should aid the jury in arriving at a correct conclusion, and should not mislead or leave them even in doubt as to the law arising on the evidence before them. In this case, we find that the first of appellee's instructions is erroneous. It informs the jury that, if the matters of defense under the condition in the note are not proved, then they should find for the plaintiff. This ignores the defense interposed by the plea of set-off, when there was evidence tending to prove it. This was well calculated to mislead the jury, and should not have been given. The third of plaintiff's instructions is vague, and well calculated to mislead. It informs the jury that, if the plaintiff did not instruct or empower defendants to pay debts for him, and charge the same on the account books of the company, after the dissolution, then the jury should find for the plaintiff on that point. If the authority was given before the dissolution, the right of recovery would be the same as if given after the dissolution. If the instruction refers to authority to make the charge, and not the payment, then it was wrong, as it could not matter whether the charge was made before or after the dissolution, or not at all, if authority to pay such debts was given.

In a case like the present, it is no answer, to say that other instructions stated the law correctly, as we are unable to know whether the jury acted upon the correct or erroneous instructions. The instruction given by the court, at the request of the jury, was too indefinite. It informs the jury that, "the question simply is, whether the defendants have proven, affirmatively, a claim against Roche, and in their favor, for which they could recover against Roche, in case they were plaintiffs," then such claim should be allowed as a set-off; and that the principles that should govern in determining that

question, had been given in other instructions. Whether they understood that the principles were announced in the first and third of plaintiff's instructions, or in other instructions, not erroneous, we can not know. This instruction left them to choose.

We perceive no other error in giving or modifying plaintiff's instructions, but, for the errors indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*