## HUGH KIRKPATRICK

*v.*

## JAMES T. COOPER.

AMENDMENT—*right to amend affidavit in replevin.* A plaintiff in replevin has the right to amend his affidavit in the action so as to make it conform to the statute, and the fact that leave was granted to amend the same before the justice of the peace, but not done, affords no reason for refusing leave to amend on appeal.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. G. M. COLE, and Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced in replevin, before a justice of the peace. It is not controverted, that the affidavit required by the statute to be made before the writ should be issued, was defective. A motion was made to dismiss the suit for that reason, but the justice allowed the cross-motion, and gave leave to amend the affidavit. By some inadvertence the affidavit was not, in fact, amended, but both parties must have treated it as having been amended, for they proceeded to try the cause, and plaintiff obtained judgment. An appeal was then prosecuted to the circuit court by defendant, where he renewed his motion to dismiss the suit for want of a sufficient affidavit. Thereupon plaintiff entered a cross-motion for leave, under the statute, to amend, but the court denied the leave asked, and dismissed the suit.

Under the provisions of our statute, amendments shall be permitted in actions of replevin, as in other suits at law. R. S. 1874, p. 853, sec. 21. It was the statutory right of plaintiff to have leave to amend his original affidavit, so as to conform to the provision of the statute. It was in the interest of justice that the party might have a speedy trial on the merits of his case, without reference to mere technical objections, and, where the law authorizes it, the courts should allow all such amendments.

Conceding it is the proper practice the affidavit should have been amended in the justice's court, there is nothing in the statute that makes it imperative. Leave was given for that purpose. But, as we have seen, the parties must have treated

Statement of the case.

the affidavit as having been amended, or else defendant waived his objection, for they proceeded with the trial. Defendant was under no obligation to go to trial until the affidavit had been amended in the particular in which it was defective, and there is no suggestion the justice compelled him to do so. It was, therefore, the duty of the circuit court to permit the amendment, if it had been accidentally omitted in the court below. But, independently of this consideration, under the statute, it was the duty of the court, in the exercise of a sound discretion, to permit the amendment, and it was an abuse of that discretion in the court not to allow it, under the circumstances of this case.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*