## WILLIAM H. W. CUSHMAN

*v.*

## CHARLOTTE A. COGSWELL.

1. INSTRUCTIONS — *where the evidence is conflicting or contradictory.* Where the testimony in a case is highly contradictory, the instructions should be accurate, so far as they bear upon the evidence.

2. SAME — *should not ignore facts proven.* Where the court directs the attention of the jury to the facts, it should refer them to all the facts bearing upon the issue, so as to present the case fairly for both parties.

3. Where the plaintiff sought to recover for the conversion of United States bonds by the defendant, and produced the receipt of the latter showing a special deposit, and proved a demand and refusal to deliver them up, and the defendant proved that the bonds had been delivered to the plaintiff, with a surrender of the receipt, and that the plaintiff afterwards gave the defendant a receipt for the bonds, and never called for interest for a long period of time, it was *held* that an instruction showing the plaintiff's right of recovery, based entirely upon the testimony offered by him, and entirely ignoring that of the defendant, was erroneous, as being highly misleading.

APPEAL from the Circuit Court of La Salle County ; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of *assumpsit* by Charlotte A. Cogswell against William H. W. Cushman.

Mr. CHARLES BLANCHARD, for the appellant.

Messrs. RICHOLSON & SNOW and Mr. E. F. BULL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :.

This was an action by appellee against appellant to recover the amount of two United States bonds for which the following receipt had been given by appellant :

"*Ottawa, Ill., April 29, '64.*

"Received of Mrs. C. A. Cogswell Two 5-20 U. S. Bonds,. Nos. 1376 and 819, dated Washington, D. C., May 1st, 1862, as a special deposit, being for Five Hundred Dollars. each.

"WM. H. W. CUSHMAN.

"W. H. C.".

There was a verdict for plaintiff for $1,865 at October term, 1875, a *remittitur* for $90, and judgment for the residue ; from which defendant appealed.

The sole testimony in support of appellee's claim was that of herself, with the receipt. She, among other things, testified that she received only two payments of interest on the bonds, of $30 each, one before and one after the date of the receipt ; that she never drew or asked for any other interest on the bonds afterward, until her house was burned in 1873 ; that she then asked appellant for the interest on her bonds, and he denied having any belonging to her.

Appellant testified that his son William was the manager of his bank from 1862 until its business was transferred to the First National Bank of Ottawa ; that he knew nothing· about the transaction in question until his attention was called to the fact that the bonds had been delivered to appellee and she had not given up the receipt for them ; that, appellee being in the bank one day, he mentioned to her· that she had got the bonds and still held the receipt, and that she must return it ; that she said she had lost the· receipt, but would return it if she could find it ; that afterward he had a receipt made out for the bonds and sent it to·

her ; that she signed it, and it was put away among the files of the bank, detailing circumstances tending to account for the non-production of the receipt. He is corroborated as to this conversation with appellee by the evidence of Cornell, the book-keeper, who was present at the time.

It was in proof that, during the time appellee claims the bonds were in appellant's hands and she had applied for no interest on them and had said nothing in regard thereto, she nor her husband owned any real estate except a house and lot, the title of which was in her name ; that she borrowed money of appellant and repaid it ; mortgaged her place to raise money for her husband ; signed a note with her husband to appellant for $30, at which time he held her husband's note for money borrowed, and his watch, and mortgage on a piano, to secure its payment.

This allusion to the testimony shows it to be highly contradictory, both positive and by facts and circumstances, and is made in view of the instructions as showing the importance that they should have been accurate so far as they bore upon the evidence.

The following instructions were given for the appellee :

" 1. That if the jury believe, from the evidence, that the plaintiff deposited with the defendant the United States bonds described in the receipt, of the par value of one thousand dollars, and that, after making such deposit, the defendant, either by himself or by his son, gave to the plaintiff the receipt offered in evidence, and that afterward and prior to the commencement of this suit the plaintiff demanded of the defendant the bonds, and that the defendant refused to deliver them or to settle therefor, then the plaintiff is entitled to recover the value of the bonds at the time of such demand and refusal, together with the interest less such interest as had been received by the plaintiff. Though the jury may believe from the evidence that the defendant returned to plaintiff a bond for $1,000 in lieu of the two $500 ones, still, if the plaintiff afterwards deposited with the defendant said $1,000 bond, and if defendant has con-

verted the $1,000 bond to his own use by disposing of the same and receiving money therefor, the plaintiff may recover the money so received by the defendant, and interest, or she may recover if the facts are as in plaintiff's sixth instruction."

" 6. If the jury find from the evidence the facts to be as follows: that in 1863 plaintiff left with defendant, as a special deposit, the two $500 bonds mentioned in the receipt offered in evidence, at the time taking no receipt therefor; that afterwards, in lieu of said two $500 bonds, defendant delivered to plaintiff a $1,000 bond, which she kept for some time, and afterwards returned said $1,000 bond to the defendant, and re-exchanged such $1,000 bond for the two $500 bonds, and thereafter the defendant gave the receipt offered in evidence; and that afterwards, and before the commencement of this suit, defendant, on demand made, refused to return such bonds to the plaintiff, but converted the same to his own use, then the plaintiff would be entitled to recover under the first count in the declaration."

There was no evidence of disposing of any of the bonds and receiving money therefor, or of their conversion, more than the demand and non-delivery.

These instructions are highly misleading to a jury. They profess to give a recitation of the facts which will entitle the plaintiff to a recovery, and make no reference whatever to the defense, and the evidence of the return of the bonds. This evidence would appear to have been entirely disregarded by the court, as not worthy of consideration; and, notwithstanding its strong character, the jury are distinctly told, by the first instruction, that if plaintiff deposited the bonds with defendant, and prior to the commencement of the suit demanded the same, and defendant refused to deliver them or settle therefor, then they should find for plaintiff.

In an enumeration of the facts which would entitle the plaintiff to recover, this evidence was too important to be ignored.

5 — 86TH ILL.

When the court assumes to direct the attention of the jury to the facts it should refer them to all the facts, so as to present the case fairly for both parties. *Evans* v. *George*, 80 Ill. 51; *Ogden* v. *Kirby*, 79 id. 556. Where there is a conflict of evidence it is important that the instructions should be not only accurate, but clear and perspicuous. *Volke* v. *Roche*, 70 Ill. 299.

The general rule is, that if the instructions are objectionable, and the natural effect would be to mislead the jury where the facts are controverted, the verdict will be set aside, and the cause submitted to another jury with proper directions. *Adams* v. *Smith*, 58 Ill. 418.

It must be granted that the natural effect of these instructions was to mislead the jury to overlook the testimony as to the return of the bonds, and to suppose that they would be justified to find for the plaintiff upon the proof of the delivery of the bonds to appellant and their non-return after a formal demand made for them.

For the error indicated in giving these instructions the judgment will be reversed and the cause remanded.

*Judgment reversed.*