# THE CHICAGO AND ALTON RAILROAD COMPANY
## v.
# NICHOLAS MAHONEY.

1. MASTER AND SERVANT—CARE IN USE OF TOOLS FURNISHED.—While the law requires of the employer a high degree of care in furnishing his workman with safe tools, it also requires, in the case of a skilled workman, operating with a dangerous implement, a correspondingly high degree of care on his part in its use.

2. MASTER TO FURNISH SUITABLE TOOLS—NOT AN INSURER OF THEIR SAFETY.—In respect to the manufacture of implements for use by his employees the employer is not bound to insure them as absolutely safe and sound, but is held only to the employment of every precaution which a reasonably prudent man would do under like circumstances; and where he has selected his materials with proper care, and employed competent and skilled workmen in their manufacture, he has discharged his duty, unless by the exercise of reasonable care he might have had knowledge of existing defects therein.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed September 9, 1879.

Messrs. WILLIAMS, BURR & CAPEN, for appellant; that a person who voluntarily engages to work at a dangerous employment takes upon himself all the ordinary risks incident to such employment, cited C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; I. B. & W. R'y

Co. v. Flanigan, 77 Ill. 365; T. W. & W. R'y Co. v. Durkin, 76 Ill. 395; Cooley on Torts, 541.

An employer is only required to use ordinary care in providing his workmen with proper tools: Shearman and Redfield on Negligence, § 87; Cooley on Torts, 556; Camp Point Mf'g Co. v. Ballou, 71 Ill. 417.

He cannot be held liable for a defect which could not by the exercise of ordinary care have been discovered: C. C. & I. C. R'y Co. v. Troesch, 68 Ill. 548.

It is error to instruct the jury that if a witness has sworn falsely as to one thing, his whole testimony is to be disregarded, without instructing that the supposed false testimony should be as to some material fact in the case: Angelo v. Faul, 85 Ill. 107; Crabtree v. Hagenbaugh, 25 Ill. 233; Chittenden v. Evans, 41 Ill. 251.

Messrs. Bloomfield & Hughes, for appellee; that it is the duty of the master to use all reasonable means to guard against accidents, cited Clark v. Holmes, 7 H. & N. 937; Greenleaf v. Ill. Cent. R. R. Co. 29 Iowa, 42; Cooper v. Cent. R. R. of Iowa, 44 Iowa, 134.

He is bound to a high degree of care in the selection of implements for use by his servants: Richardson v. Cooper, 88 Ill. 273; T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 294.

Where the evidence is conflicting, the jury are the proper judges of the weight to be given it: Foos v. Sabin, 84 Ill. 574.

A judgment will not be reversed because instructions may be technically wrong, when they do not mislead the jury: Hardy v. Keeler, 56 Ill. 152; Daily v. Daily, 64 Ill. 329; T. P. & W. R'y Co. v. Ingraham, 58 Ill. 120; C. B. & Q. R'y Co. v. Dickson, 63 Ill. 151; Chicago v. Hesing, 83 Ill. 204; Peak v. the People, 76 Ill. 289.

It is not error to refuse an instruction where the substance of it is contained in others given: Scott v. Delany, 87 Ill. 146.

Notice to the foreman of a defect in the tool, is notice to the employer: Richardson v. Cooper, 88 Ill. 274.

McCULLOCH, J. This was an action on the case brought by appellee against appellant, to recover damages for the loss of an eye. While appellee, with three other men, was at work for appellant, in the line of his employment as a boiler maker, a piece of steel separated from the tool with which he was at work, and, entering his eye, destroyed the sight. At the time of the accident, appellee was the head man of a gang of four, engaged in riveting the smoke arch of a portable engine. Hot rivets being inserted into holes prepared for them, it was the business of appellee and one other man to form heads on them on the outer surface of the shell. To accomplish this purpose, an implement was used called a " set," or " button set," which is described as being a hammer-shaped tool, with a cavity in one of its faces of the dimensions of the rivet head to be formed, while the other face is so formed as to receive heavy blows from a hammer. While appellee was holding this tool upon the rivet by means of a wooden handle inserted therein, the other man was striking it with a heavy hammer in a horizontal direction. Under a blow so delivered, a piece of steel became detached from the " set," which caused the damage complained of.

This implement was manufactured by appellant at its machine shops; it being first forged from a bar of steel, and then turned in a lathe. The acts of negligence complained of are, that while it was the duty of appellant to furnish appellee with tools of a suitable character and construction, and such as were fit and proper for the work in which he was engaged, appellant negligently furnished appellee with an implement necessary for him to use in and about appellant's business, weak, and unfit from its make and construction, for appellee to use; that it was constructed of poor and worthless materials; that it was unsuitably made and finished, and improperly and defectively tempered, of all of which facts appellee was wholly ignorant, and could not, by the exercise of reasonable diligence have ascertained them.

There is no complaint that the injury was caused by reason of the neglect or unskillfulness of any fellow-servant of appellee. The case rests wholly upon the charge of negligence in

not furnishing appellee with a suitable tool with which to perform his work.

We have looked carefully into the evidence, but fail to discover any.marked degree of negligence on the part of appellant, or any of its agents, whose duty it was to furnish the workmen with tools, in any of the particulars charged in the declaration. Appellant appears to have purchased the steel from one of the best manufacturers, and to have employed skillful mechanics in its manufacture.

There is some evidence tending to show, that even when made of the best materials, these implements, when employed on this class of work, are somewhat dangerous, and that the foreman of the machine shop was apprised of that fact before this accident. Such knowledge could operate only to impose upon him the duty of exercising a corresponding degree of care in their manufacture. But it is also true, that appellee was employed as a skilled workman ; that implements of this character had been in use for a number of years, and appellee must be presumed to have had some knowledge of their fitness to be employed on this class of work. He was, therefore, bound to exercise a corresponding degree of care on his part, and if he undertook to perform the work with an implement dangerous in its character, and if that fact could have been ascertained by the exercise of reasonable diligence, then he assumed his own risk in that regard. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & N. W. R'y Co. v. Donahue, 75 Ill. 106; I. B. & W. R'y. Co. v. Flannigan, 77 Ill. 565.

If, therefore, the law requires of the employer a high degree of care in furnishing his workmen with safe tools, it will also in the case of a skilled workman, operating with a dangerous tool, require a correspondingly high degree of care on his part in its use. The law requires of both employer and employee the exercise of such a degree of care as, under all the surrounding circumstances, a reasonable man would exercise to avoid danger. Shearman and Redfield on Neg. § 30.

There is some evidence tending in a slight degree to show that the steel of which this tool was made had been burned, and that the foreman had knowledge of that fact before this

accident. But upon this point the evidence of negligence is by no means conclusive; and while we are not prepared to say we would reverse the case for want of sufficient evidence, yet, under this state of the case, the jury should have been accurately instructed. C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Volke v. Roche, 70 Ill. 297; Cushman v. Cogswell, 86 Ill. 62.

This requirement, we do not think, was properly observed by the court below. In respect to the manufacture of implements for the use of his employees, the employer is not bound to insure them as absolutely safe and sound, but is held only to the employment of every precaution against danger which a reasonably prudent man would do under the same circumstances. Where the danger is great, as in the case of railroads, the law requires a very high degree of care on the part of the employer. But where the employer, who is also the manufacturer of the implement used by his employees, has selected his materials with proper care, and employed competent, careful and skillful mechanics in their manufacture, he has discharged his duty to his employees, unless he had or by the exercise of reasonable care might have had knowledge of existing defects therein. C. C. & I. C. R'y Co. v. Troesch, 68 Ill. 545 ; C. & A. R. R. Co. v. Shannon, 43 Ill. 338 ; Richardson v. Cooper, 88 Ill. 273.

The ninth instruction given for appellee is as follows:

9. "That a railroad company, or any other employer employing workmen and furnishing them tools which the workmen are required to use in performing the work of the employer, and which will prove dangerous if not made of suitable and proper material properly tempered, is, as employer, held by the law of Illinois to a high degree of vigilance in regard to the quality of the material to be used in making the tool and the tempering the same, and if the condition of such tool, which is, in fact, insecure or unsafe to the workman, can be ascertained by a high degree of diligence, the master will be responsible if he neglects to use such diligence, provided the workman and his fellow workmen use proper care in using the tool, and does not know or have notice of the defect in the tool." By this

instruction, although appellant may have exercised all proper care in the selection of material and employed the highest degree of skill, care and diligence in their manufacture, yet, if when finished and placed in the hands of appellee, the tool in fact proved to be insecure and unsafe, no matter what the cause, and that fact could have been ascertained by the exercise of reasonable diligence on the part of appellant, and it failed to do so, it would be liable, provided appellee was using proper care and did not know of such defect. If this does not require the employer, who is the manufacturer of the tools furnished his workmen, to become the insurer of their safe character, it at least requires him to keep a constant watch over all such tools while in their hands, and to a large extent excuses skilled workmen, like appellee, from the exercise of that degree of care required of them in their use.

This instruction is otherwise faulty and misleading in apparently assuming that appellee was required by appellant to use this kind of an implement in performing his work, when, in fact, he was under no obligation to use it. This instruction, as well as the sixth, also fails to limit appellant's liability to the consequences of its own neglect. A party cannot be mulcted in damages as a penalty for neglect, unless such neglect has occasioned the damages.

The fifth of appellee's instructions is erroneous in not confining the false testimony, on account of which the witness may be discredited, to matters material to the issues in the case.

For these errors in the instructions the judgment is reversed, a new trial awarded and the cause remanded.

Reversed and remanded.