Missouri Furnace Co. v. Abend.

THE MISSOURI FURNACE COMPANY
v.
EDWARD ABEND, Adm'r.

1. MASTER AND SERVANT—NEGLIGENCE—DUE CARE.—In actions against an employer for injuries to a servant caused by defective machinery, due care on the part of the employe is essential to a right of recovery, and an instruction on the part of the plaintiff, as to his right to recover, which omits this element, is calculated to mislead, and is erroneous.

2. INSTRUCTIONS—MUST BE CORRECT.—In this class of cases, sounding merely in damages, when the evidence is conflicting and presents a difficult issue, it is important that the jury should be accurately instructed.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed October 6, 1881.

Messrs. G. & G. A. KOERNER, for appellant; against the

right to recover, cited Camp Point M'f'g Co. v. Ballou, 71 Ill. 417; Richardson v. Cooper, 88 Ill. 270; Pennsylvania Co. v. Lynch, 90 Ill. 334; Priestly v. Fowler, 3 M. & W. 1.

Mr. James M. Dill, for appellee; that the condition of the foot-board was a question for the jury to settle, cited I. & St. L. R. R. Co. v. Ogle, 92 Ill. 353.

If a servant calls attention of the master to a defect, and and demands its repair, and the master promises to repair it, he becomes an insurer of the safety of the servant, and is liable in case of an injury: Camp Point M'f'g Co. v. Ballou, 71 Ill. 420; C. & A. R. R. Co. v. Monroe, 85 Ill. 25; Hough v. Railway Co. 100 U. S. 213; Wharton on Negligence, § 220; Patterson v. P. & C. R. R. Co. 76 Pa. St. 393; Bartlett C. & M. Co. v. Roach, 68 Ill. 174.

Casey, P. J. This was an action on the case by appellee against appellant in the circuit court of St. Clair county. The declaration alleges that the Missouri Furnace Co., defendant, was using and operating a certain railroad, and using a locomotive. That it was the duty of defendant to keep said locomotive in good repair, so as not to endanger the life of defendant's employes, but that disregarding said duty, on the 21st day of January, 1880, it permitted said engine to be out of repair, so that it was dangerous for the employes to operate said engine; that said engine was so constructed that it could not be oiled except when running, and that it was then and there out of repair, and that there was no platform or other proper safeguards to protect said employes, while engaged in oiling and running said engine, and that the footboard in front of said engine was then and there out of repair and in a dangerous condition. It is further averred that on the 21st day of February, 1880, the said Castanie, deceased, was in the employ of said company in running said engine on said railroad, and that he then and there complained to said defendant and notified it of the said defective and dangerous condition of said engine, and that said defendant then and there caused the said Castanie to remain and continue in said employment by then and there promising

Missouri Furnace Co. v. Abend.

said Castanie that the defects, including the repairing of said foot-board. would be speedily repaired. That defendant did not heed its duty, and failed to remedy said defects; and that on the 21st day of Feb., 1880, and while said Castanie was in the employ of said defendant as engineer, and engaged in running said engine on said railroad, and was then and there using due care and diligence, was in consequence of said defects then and there thrown with great force and violence from said engine and killed.

To this declaration the general issue was pleaded, and a trial was had by a jury, resulting in a verdict for appellee for the sum of $2,500. A motion for a new trial was made and overruled by the court. Exceptions were taken and the case is brought to this court by appeal. The second error assigned is, that the court gave improper instructions for the plaintiff, and refused proper instructions for the defendant. The instruction given upon the part of the plaintiff is as follows: "The court instructs the jury that if they believe from the evidence that the deceased, Charles Castanie, was killed in consequence of the defective condition of the engine used by the defendant, as alleged in the declaration; and if they further believe from the evidence that the said Castanie shortly before his death called the attention of the superintendent and foreman, carpenter of the department, to said defects, and that said persons or either of them, had authority to remedy said defects, and that said persons or either of them, thereupon promised the said Castanie that said defects should be remedied, and that said Castanie relying on said promise, remained in the employ of the defendant until he was killed, as aforesaid, then the jury must find for plaintiff."

The testimony in this case was very conflicting, and in such cases the law requires that the instructions should be technically correct. In this class of cases, sounding merely in damages, when the evidence is conflicting and presents a difficult issue, even to persons accustomed to investigate legal matters, the jury ought to be most accurately instructed. We know from common observation, how apt they are in cases where the recitals of the facts tend to touch their feelings, to seek, for

a reason that would justify them in finding a verdict in accordance with their feelings. An improper instruction often affords the desired pretext, and in all such cases no instruction which is calculated to mislead the jury into giving a verdict not warranted by law, should be given. When there is such conflict in the testimony that there may be a doubt as to the right of recovery, the jury should have been assisted in their investigation by clear, accurate and concise instructions, so as to enable them to come to a correct and just conclusion. Volke et al. v. Roche, 70 Ill. 297; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 110.

The instruction above ignores the question of care and diligence on the part of the deceased, and in that respect is not only technically but substantially erroneous. In the case of Priestly v. Fowler, reported in M. &. W. volume 3, page one, the court said: But in truth, the mere relation of master and servant never can imply an obligation on the part of the master to take more care of the servant than he may reasonably be expected to do for himself. He is, no doubt, bound to provide for the safety of his servants, in the course of his employment, to the best of his judgment, information and belief. And in Pennsylvania Co. v. Lynch, 90 Ill. 333, the Supreme Court held that the ruling of the court below, in giving and refusing instructions, in effect, ignores an indispensable element in appellee's right to recover—the observance of due care and caution upon his part, to have avoided the injury of which he complains. This is alleged in the declaration, and its absence, if disclosed by the evidence, is fatal to his right to recover damages.

While there is an implied contract between the employer and employe, that the former shall procure and keep suitable tools, implements, etc., with which to perform the labors required of the latter; and also, that the latter shall be advised by the former of all the dangers incident to the service, of which the latter is cognizant, yet the failure of the employer in this regard, furnishes no excuse for the conduct of an employe who voluntarily incurs a known danger. He must himself use due care and caution, to avoid the injury.

It is insisted by the learned counsel for appellee, that the defect in the instruction is cured by the words, "as alleged in the declaration." It is true that in the declaration it is alleged that the deceased was "using due care and diligence." The declaration without these words would have been obnoxious to a demurrer. But it is not alone necessary that the averment should be in the declaration; the instruction must also show that the deceased was, at the time of the accident, in the exercise of due care and caution. It was a material point to be found by the jury from the evidence, without which there could be no recovery by appellee. We think the jury may have been misled by this instruction, and therefore the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.