## CHAMPION IRON FENCE COMPANY
### v.
## BRADLEY, FLACK & SAFFORD.

1. INSTRUCTIONS.—An instruction is objectionable if the jury are not directed that their belief must be based on the evidence.

2. INSTRUCTION MUST NOT IGNORE EXISTENCE OF MATERIAL FACT.— Where there is evidence tending to prove a fact having an important bearing upon the law of the case, even though strongly contradicted, an instruction. is erroneous which ignores the existence of such fact.

3. AGENCY—COMMISSIONS.—It does not necessarily follow that because the plaintiffs were agents of appellant and notified it of the letting, and that appellant obtained the contract through such letting, that therefore the p'aintiffs may recover commissions. The right of recovery depends not alone upon the fact of the agency, but upon the terms of the agency, and the action of the parties in pursuance thereof.

4. AGENCY FOR CONTESTING PRINCIPALS.—The plaintiffs might act for appellant and also for another company, but, in such case, they must be just to each, and act in perfect good faith with each company. They can not advance the interest of one to the disadvantage of the other.

APPEAL from the Circuit Court of Effingham county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 14, 1882.

Mr. BENJAMIN F. KAGAY, for appellant; that an agent has no right to put himself in a position adverse to his principal, cited Hughes v. Washington, 72 Ill. 84.

An agent must act strictly within the power conferred upon him, to entitle him to compensation: Hoyt v. Shepherd, 70 Ill. 309.

Messrs. GILMORE & WHITE, for appellees.

CASEY, P. J. On the trial of this cause in the circuit court, the following instruction was given on the part of the plaintiffs, appellees, in this court:

That if plaintiffs were agents of defendant, and if they notified the defendant of the letting of the court house fence, and defendant through a general agent, sent directly from the man-

ufactory, comes to the letting and procures the contract, then the plaintiffs are entitled to recover in this suit whatever the evidence shows they are entitled to recover in amount, and the fact, if proved, that the defendant had received notice of the letting through other parties, would not relieve the defendant from liability to plaintiffs. That if the evidence shows the plaintiffs were the agents of defendant, the fact that they acted for another company, would not affect their [right to recover in this case, if the evidence shows that through their instrumentality the defendant came here by its general agent, and procured the contract, unless the evidence also shows that the defendant in appointing plaintiffs as agents, prohibited them from taking the agency of any other company.

This instruction is objectionable. The jury are not directed that their belief must be based on the evidence. Parker v. Fisher, 39 Ill. 164; Miller v. Balthasser, 78 Ill. 303.

The instruction ignores entirely an important part of the testimony: that the plaintiffs were, on the day of the letting, aiding and assisting another company to obtain the contract, and using their influence against appellants. That was a proper matter for the consideration of the jury. Where there is evidence tending to prove a fact having an important bearing upon the law of the case, even though strongly contradicted, an instruction is erroneous which ignores the existence of such fact. Chicago Pkg. & Prov. Co. v. Tilton, 87 Ill. 547.

It does not necessarily follow that because the plaintiffs were the agents of appellants and notified appellants of the letting, and that appellants obtained the contract, that therefore the plaintiffs must recover. The right of recovery would depend not alone upon the agency, but upon the terms of the agency, and the action of the parties in pursuance thereof. The instruction assumes controverted facts; that is, that the actions and conduct of the plaintiffs as agents, were such as to entitle them to recover under the supposed agency. It is a clear proposition that the plaintiffs might act as the agents of the defendant, and of the Michigan company at the same time. But it is equally clear that the plaintiffs as agents of both companies must be just to each. They must act in perfect

good faith toward each of said companies, and any attempt to advance the interest of one to the disadvantage of the other, would be improper.

There was evidence on the part of appellants tending to show that the plaintiffs were partial to the Michigan company. Whether or not the plaintiffs acted in good faith, was a matter peculiarly for the jury to determine, and it was erroneous to ignore or withdraw its consideration from the jury.

Where there is such conflict in the testimony that there may be a doubt as to the right of recovery, the jury should have been assisted in their investigation by clear, accurate, and concise instructions, so as to enable them to come to a correct and just conclusion. Volk v. Roche, 70 Ill. 297; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510. For the foregoing reasons the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.