33    301
|e109  ¹312

A. BITTINGER

v.

CHARLES DRUCK.

*Assault—Evidence—Self-defense—Instructions.*

1.    An instruction assuming to set forth all the facts which warrant a recovery, but omitting one material element in the hypothesis, is bad.

2.  When the facts relied on by the plaintiff are necessarily antagonistic to and exclude those relied on by the defendant, the instructions for the plaintiff need only summarize all the elements in the cause essential to a recovery on his theory.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the. Hon. KIRK HAWES, Judge, presiding.

Mr. E. K. SMITH, for appellant.

Messrs. THORNTON & CHANCELLOR, for appellee.

GARNETT, P. J.  In an action for personal assault by appellee against appellant there was a verdict for $500 against the defendant, and judgment thereon in the Superior Court, from which the defendant brings this appeal.

The defense relied upon at the trial was *son assault demesne*. Whether the plaintiff or the defendant was the first aggressor was a question presented to the jury by evidence of a very conflicting character, and the question should have been submitted to the jury by the instructions of the court. But in behalf of the plaintiff the jury was charged, that if they believed from the evidence that the plaintiff was assaulted by defendant as charged in the declaration, and sustained injury thereby, they should find the issues for the plaintiff. It was not disputed that the defendant clinched with the plaintiff. The point of contention was whether defendant in closing with the plaintiff was acting in self-defense against a prior assault of the plaintiff. The evidence may have convinced the jury that Druck was the first offender, but the charges of the court directed them, in substance, that they need pay no attention to that circumstance.

It is a case in which the instruction assumed to array all the facts which warranted a recovery, but omitted one material element in the hypothesis. There was no other instruction given which supplied this omission. Repeated decisions of this court and the Supreme Court of this State

have proscribed instructions of this character. Examples of this are found in Cushman v. Cogswell, 86 Ill. 62; W., St. L. & P. Ry. Co. v. Rector, 104 Ill. 297, and Emery v. Ginnan, 24 Ill. App. 65.

When the facts relied on by the plaintiff are necessarily antagonistic to and exclude those relied on by the defendant, the instructions for the plaintiff need only summarize all the elements in the cause essential to a recovery on his theory. In such a case "any attempt to embody in one instruction all the hypothetical elements contained in the distinct and necessarily opposing views would make the veriest nonsense." City of Chicago v. Schmidt, Adm'x, 107 Ill. 186. The defense in the case in hand presents no facts which are necessarily antagonistic to, and exclusive of, the fact of assault by the defendant. That the plaintiff made the first assault is entirely consistent with the facts supposed in the instruction under review, and whether the fact was as alleged by the defendant must be submitted to another jury.

The judgment is reversed and the cause remanded.