O'Leary v. Zindt.

William O'Leary v. Anton Zindt.

1.  PLEADING—*Waiver of Objection to Incomplete Pleadings by Proceeding to Trial.*—Proceeding to trial without objection or without raising the question that there is no replication to a plea, waives the necessity of filing one, and waives such advantage as would arise if the question were properly raised and no replication then filed.

2.  INSTRUCTIONS—*Need Not Anticipate and Negative Defense.*—The plaintiff, in his instructions, is only obliged to correctly present the law applicable to his theory of the case, and is not bound, in every instruction, to anticipate and negative each defense.

3.  SAME—*To be Considered as a Series.*—Where there is an omission in one instruction, they are all to be considered as a series, and if the defect is supplied by others, the omission is thereby cured.

Trespass, for assault and battery.    Appeal from the Circuit Court of Marshall County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1903.    Affirmed.    Opinion filed June 8, 1903.

WINSLOW EVANS, attorney for appellant.

BARNES & MAGOON, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action in trespass for assault and battery. There was a verdict and a judgment for plaintiff for twelve hundred dollars.    The defendant appeals.

Two alleged errors are relied upon to reverse the judgment.    First, no replication was filed to the plea of self-defense.    Defendant contends that by proceeding to trial without a replication, the plea was confessed and the judgment is therefore erroneous.    The question was not raised

upon or during the trial. It is argued that it was presented to the court below by the written motion for a new trial, in the following language : "The verdict is contrary to and against the facts admitted in the record." This language was general and would naturally and fairly be construed to refer to the testimony in the record, or to admissions made by counsel during the progress of the trial. It does not specifically, or by any fair or just construction, call the attention of the court, or opposite counsel, to the fact that a replication had not been filed to the special plea relied upon. But if it were sufficiently specific it would be unavailing. It is too late to raise the question for the first time upon a motion for a new trial. Proceeding to trial without objection or without raising the question that there is no replication to a plea, waives the necessity of filing one, and waives such advantage as would arise if the question were properly raised and no replication then filed.

In Supreme Court of Honor v. Barker, 96 Ill. App. 493, this court said :

" As appellant did not rule the opposite party to rejoin or pray judgment for want of a rejoinder, it was held a formal issue was waived and the irregularity was cured by verdict."

In Shreffler v. Nadelhoffer, 133 Ill. 547, the court said :

" It is said that the defendant's eighth plea presented a complete defense to the action, and as that plea was unanswered, judgment should have been rendered thereon for the defendants. It appears that the defendants went to trial without objection, that said plea was answered, and without moving for any judgment thereon for want of a replication. They thereby waived the necessity of a formal issue. As we said in Strohm v. Hayes, 70 Ill. 41, it is the settled doctrine of this court, that, proceeding to trial where an issue is not made up on one of the pleas, such issue is considered as waived, or the irregularity is cured by verdict."

To the same effect are Funk v. Babbitt, 156 Ill. 408, and Kaestner v. The First National Bank of Chicago, 170 Ill. 322.

It is also claimed that it was reversible error for the

court to give the following instruction offered by the plaintiff :

" The jury are instructed that if you believe from the evidence that the defendant assaulted and beat the plaintiff in manner and form as charged in the declaration, and that the plaintiff sustained damages thereby, then the jury are instructed that they should find a verdict in favor of the plaintiff and assess his damages at such sum as they believe from the evidence he is reasonably entitled to, and in this respect you are further charged that it is not necessary that any sum should have been named or mentioned in the evidence.   The amount of damage, in case you find for the plaintiff, you are to ascertain, basing your finding upon the extent of the plaintiff's injuries, if any such are shown by the evidence, both his injuries received at the time of the assault and battery, and any permanent injuries resulting therefrom, that the jury may believe from the evidence he has sustained.   These are known as actual damages.   And in case the jury believe from the evidence that the assault was wanton, reckless or vicious, and uncalled-for in its character, then the jury may add to such actual damages, if any such they find, such a sum as they may believe from the evidence would be reasonable and just, as smart money or punishment."

The objection to the instruction is that it did not require the jury to find, as a perquisite to plaintiff's right of recovery, that the plea of self-defense had not been established by the evidence.   The contention is untenable for various reasons.   It is unnecessary in such an instruction to negative the defense relied upon or make any reference to the same.   The plaintiff, in his instructions, is only obliged to correctly present the law applicable to his theory of the case, and is not bound in every instruction to anticipate and negative each defense.   Mt. Olive & Staunton Coal Company v. Rademacher, 190 Ill. 538, and Chicago & Alton R. R. Co. v. Harrington, 192 Ill. 9.   The language complained of is not an erroneous statement of law, but at the most is a mere omission, and in such a case the instructions are to be considered as a series, and if the defect is supplied by others the omission is thereby cured.   City of Lanark v. Dougherty, 153 Ill. 163; Day v. Porter, 161 Ill. 235;

Johnson v. Johnson, 187 Ill. 86. In this case the omission, if such it be, was supplied by other instructions in the series given. In Bittinger v. Druck, 33 Ill. App. 301, relied upon by appellant, and in which the court reversed the judgment of the court below for giving an instruction omitting the elements here complained of, the court says:

"There was no other instruction given which supplied this omission."

But the instruction is not defective. It says that the plaintiff is entitled to recover if the defendant assaulted and beat the plaintiff in manner and form as charged in the declaration. The declaration charges that the defendant, with force and arms, unlawfully and maliciously assaulted and beat the plaintiff. In order to find the defendant guilty under this instruction, the jury must have found that the beating was unlawful. It could not have been unlawful if done in necessary self-defense. The instruction therefore did not ignore the plea of self-defense. But a fair construction of the instruction leads to the conclusion that it was intended only as a guide and direction to the jury upon the question of damages, in the event the jury found the defendant guilty, and was not calculated to inform the jury under what circumstances they should or should not find the defendant guilty.

There is no merit in either of the grounds urged for reversal. The judgment of the Circuit Court is affirmed.