### Christian H. Stucker v. Edward T. Thompson.

#### Gen. No. 13,731.

ASSAULT AND BATTERY—*what sufficiently justifies.* An assault is justified where made in self-defense, it appearing that the plaintiff in the action charging assault and battery was himself the first aggressor, and the sufficiency of the defense of self-defense is not affected by the fact that the defendant testified that he was at all times confident of his ability to defend himself against the assault of the plaintiff.

Assault and battery. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed March 6, 1908.

CHARLES S. WILLISTON, for plaintiff in error.

CHARLES E. ZOLLARS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant in error, plaintiff below, had judgment in an action for damages for an alleged assault upon him by plaintiff in error, for two hundred dollars.

The testimony in the record shows that Thompson was a janitor and had been employed at an apartment building over which Stucker was superintendent. After working a few weeks Thompson left his position on January 17, 1907, without giving any notice of his intention to leave, and without making any provision for the heating of the building in which many families were then living. The fires went out and the building was cold, and the first information Stucker had of the situation of affairs came to him through the complaints of the tenants.

About two weeks after he left his work Thompson went to Stucker's office to collect for the time he had worked, and after being invited into an inner office room by Stucker, they had a short conversation about Thompson's leaving his work. Thompson states that Stucker knocked him down several times and kicked him.

Stucker testified that he asked Thompson: "How could you walk off and leave these people without any heat, without saying a word or notifying me, no heat, no water?" and that Thompson replied: "Why, you —— ——, what do you mean by sending a man up there to take my place?" Stucker testified that he took hold of the door handle and asked Thompson to leave; whereupon Thompson attempted to strike him, and he struck Thompson; that Thompson got up and attempted to strike him again; that each time Thompson hit him, Stucker struck Thompson in the face, and that Thompson repeated the same vile name several times; that he tried to be polite, but Thompson made several attempts to strike him.

In the course of his oral charge to the jury, the trial judge said:

"Now under the law, the plaintiff is entitled to recover in this case because there is no defense here shown, and the defendant himself said he was in no fear of immediate danger. When a man is struck by another, the party struck is allowed to defend himself under the law if he is in danger of receiving serious injury, to prevent any personal bodily

injury upon himself.    In this case I think the defendant
testified he had no such fear."

The court in its charge virtually took the case from the
jury as to all issues except the amount of damages to be
assessed against Stucker.    The charge assumes that Stucker
committed the trespass.    The jury were told that the plain-
tiff Thompson was entitled to recover upon the evidence.
This was manifest error; for if the jury believed the testi-
mony of Stucker, Thompson was the aggressor from the
beginning, striking the first blow, and repeatedly returned
to the attack after he had been repulsed by Stucker, who
had a right in law to defend himself against an attack by
Thompson.    As said in Bittinger v. Druck, 33 Ill. App.,
301, in reversing the judgment:    "Whether the plaintiff
or the defendant was the first aggressor was a question pre-
sented to the jury by evidence of a very conflicting char-
acter, and the question should have been submitted to the
jury by the instructions of the court.    *    *    *    The point
of contention was whether defendant in closing with the
plaintiff was acting in self-defense against a prior assault
of the plaintiff.    The evidence may have convinced the jury
that Druck was the first offender, but the charges of the
court directed them in substance, that they need pay no
attention to that circumstance."

The whole theory of self-defense was excluded from the
consideration of the jury by the charge of the court.    "The
question of how much force a person may use in self-de-
fense, and what he may do, is a question of fact for the
jury, and not one of law for the court."    Hulse v. Tollman,
49 Ill. App., 490.

Another serious error in the instruction is that the court
selected one statement of Stucker as the basis for charging
the jury that the plaintiff was entitled to recover, and did
not correctly remember and did not state the testimony
accurately.    Stucker stated that he had no fear of bodily
injury from Thompson and was not afraid of him.    This
might be, and from the context of his testimony probably
was, because Stucker felt and believed he could successfully

defend himself against Thompson's attacks. It did not necessarily mean that "he was in no fear of immediate danger," as stated by the court. What the witness intended to state and what was the fact, was a question for the jury, and should have been left to the jury.

For the errors in the charge to the jury the judgment is reversed and the cause is remanded.

*Reversed and remanded.*