# FREDERICK GOEING *et al.*

## *v.*

## OLIVER OUTHOUSE *et al.*

*Filed at Mt. Vernon June 14, 1880.*

1. ESTOPPEL—*waiver of landlord's lien.* A tenant sold his part of a crop of corn raised on the leased premises, and the purchaser from the tenant sold to another. The question arose between the landlord and this second purchaser, whether the former had waived his lien upon the crop for his rent. It appeared that the purchaser from the tenant, after his purchase, and before he had paid for the corn or sold to his vendee, told an agent of the landlord that he had bought the corn, whereupon the agent said it was all right,—that he was satisfied,—that he had settled with the tenant, and that nothing was due except the part of the crop which remained. After this conversation the

first purchaser sold, informing his vendee thereof, and out of the money received on his sale he paid the tenant for the corn. It was held to be a case where the doctrine of estoppel by conduct and a waiver would apply.

2. WITNESS—*credibility.* It is inaccurate to instruct a jury that if they believe a witness has wilfully and knowingly sworn falsely as to any material point in controversy, they may disregard his entire testimony, without the qualification that the witness was uncorroborated by other evidence.

3. ERROR WILL NOT ALWAYS REVERSE—*improper instruction.* But in a case where such an instruction was given without the qualification mentioned, it appeared the controverted question was as to an alleged conversation, and the only corroborative evidence was that of the son of the witness whose veracity was questioned, and who was only twelve years of age when he testified, and only nine years old when the conversation took place. So, it was considered, under the circumstances, the inaccuracy in the instruction was not a sufficient error to reverse the judgment.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Clinton county, the Hon. GEO. W. WALL, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellants:

The landlord's lien, in such a case as this, is not even dependent upon the levy of a distress warrant, but is given by the statute,—the statutory provision being express that every landlord shall have a lien upon the crops grown or growing upon the demised premises, in any year, for the rent that shall accrue for such year. Rev. Stat. 1874, page 661, sec. 31; *Mead* v. *Thompson,* 78 Ill. 62; *Prettyman* v. *Unland et al.* 77 id. 206.

And such lien attaches from the time of the commencement of the growth of the crops. *Watt* v. *Scofield,* 76 Ill. 261.

Knowing that Carter was a tenant, appellees knew the appellants had a lien, because it was given by the statute, and every one is presumed to know the law. *Watt* v. *Scofield,* 76 Ill. 261.

If Roper, from whom appellees claim, had acquired any rights, he merely took Carter's place, and, in so doing, was bound to satisfy any unpaid rents. *Farnham* v. *Hohman,* 90 Ill. 312.

To permit appellees to claim that they purchased this corn, —it matters not from whom, whether it be Carter, Roper or any one else,—would be granting that which the law does not warrant. There being jurisdiction of the subject matter and of the person, this judgment against Carter must stand until reversed. It can not be attacked collaterally. The findings of the court are conclusive. *Adam* v. *Arnold*, 86 Ill. 185; *Goudy et al.* v. *Hall*, 30 id. 109; *Elston et el.* v. *The City of Chicago*, 40 id. 514; *Arnold et al.* v. *Gifford*, 62 id. 249.

These decisions clearly announce the doctrine, that not only are the parties to a judgment bound by it till reversed by an appellate court, but the judgment is conclusive as against strangers. It can not be impeached nor contradicted by third parties.

The alleged declaration of Krug, to constitute an estoppel as against appellants' lien, must have been one, the injurious influence of which might, and ought to, have been foreseen. It must have been acted upon in good faith, and Roper must have changed his situation so that injury would have resulted to him if Krug were allowed to retract the declaration. Bigelow on Estoppel, page 552, *et seq.; Knoebel* v. *Kercher*, 33 Ill. 308; *Smith* v. *Newton*, 38 id. 230.

In other words, if Roper had been induced, by the acts or declarations of Krug, to purchase Carter's interest in the corn, then neither the appellants nor Krug could be heard to say the lien had not been waived. But there is no pretence that Roper was induced by anything Krug did, or said, to buy Carter's interest in the corn, and, therefore, Roper gained no advantage, nor acquired any rights by such supposed purchase. *Hefner* v. *Vandolah*, 57 Ill. 520; *The People* v. *Brown et al.* 67 id. 435; *Ball et al.* v. *Hooten, Admr.* 85 id. 159; *Kinnear* v. *Mackey*, 85 id. 96.

Messrs. MURRAY & ANDREWS, for the appellees:

The questions involved are of fact—not of law. It may be conceded that a landlord's lien is not dependent on legal

proceedings; that it attaches the moment the crop begins to grow, and that all persons are bound to notice it at their peril. We do say it may be waived, released or satisfied, and the landlord may be, by his conduct, estopped to assert it. *Kinnear* v. *Mackey*, 85 Ill. 96.

We had supposed that a judgment would not be conclusive against any person who was not and could not have been a party to the proceeding in which it was rendered. It is not perceived why the principle does not apply to appellees in the case at bar. Another reason why this judgment should not be held conclusive is, that no act or admission of Carter after the sale to appellees would be admissible as evidence for any purpose, and a judgment is merely a conclusive admission. But whether the judgment against the tenant is conclusive against appellees, is unimportant, for the reason that the circuit court held that it was conclusive, and confined appellees to the proof of two points only, viz: 1. Amount of corn taken. 2. Estoppel. No exception is alleged to this ruling, which was frequently repeated by the court in the hearing of the jury.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Volney Carter, in the spring of 1876, rented from appellants forty acres of land on which to raise corn, the rent to be one-fourth of the crop.

On the 17th day of October, 1876, Carter having departed from the State, appellants issued their distress warrant against him for the rent alleged to be due, which was levied upon the undivided three-fourths of the forty acres of corn. On the 8th of November, 1876, on trial had before a justice of the peace upon this distress proceeding, judgment was rendered for the defendant, which, on appeal to the circuit court, was reversed, and a judgment was rendered in favor of appellants against Carter for $45 rent, and that they have execution against the property distrained for that sum and costs.

In the meantime the appellees herein, claiming to have bought the corn levied upon by the distress warrant, had gathered and appropriated the same to their use.

This suit was then instituted by appellants, against appellees, before a justice of the peace, to recover damages for the alleged wrongful taking of such corn.

From the judgment before the justice of the peace in favor of the defendants, an appeal was taken to the circuit court, where the judgment of the justice of the peace was affirmed, and a verdict and judgment were rendered in favor of the defendants, which, on appeal to the Appellate Court for the Fourth District, was affirmed, and the plaintiffs then appealed to this court.

The controverted question of fact in the case as to the conversation, from which it is claimed there was a waiver of the lien, must be regarded as settled by the judgment of the Appellate Court in favor of the appellees. We can, then, only consider the questions of law involved which are raised on the instructions given by the court.

The main error alleged in respect of instructions, is as to waiver of the lien.

The court modified the first, second and third instructions asked by the appellants, that upon the case presented by the instructions the jury should find for appellants, by adding thereto the qualification, that "if the appellants had not waived their lien." This modification is complained of as inapplicable; that upon any testimony there was in the case, there could not have been any waiver of the lien.

One August Krug was appellants' agent.

There was testimony that one Roper bought Carter's interest in the corn, and that Roper went to the house of Krug and told him that he, Roper, had bought Carter's three-fourths interest in this corn, and Krug said that was all right, that he was satisfied; that he had settled with Carter, and that nothing was due except the one-fourth of the corn, and that he, Krug, was to gather that at his own expense.

The point made is, that this conversation was after the purchase by Roper; that he did not change his situation and was not influenced thereby, and so no waiver could be predicated upon it.

The evidence shows that Roper had not paid Carter for the corn at the time of this conversation, and it was testified that after this time Roper sold two-thirds of the corn to the appellees, Outhouse and Davidson, informing them of this conversation had with Krug, and from the money paid by Outhouse and Davidson Roper paid Carter for the purchase made from him.

As testified to, we think it clearly a case where the doctrine of estoppel by conduct and a waiver would apply, and that there was no error in the modification of the instructions.

Two of the instructions for appellees were to the effect, that if, before the commencement of the distress proceedings, appellants waived their lien upon the corn for rent, then they could not assert their lien for the rent as against appellees. The objection is taken to them, that even admitting their applicability in the case, the waiver, in respect of time, should not have been stated if made before the commencement of the distress proceedings, but should have been limited to having been made before the time of the purchase by Roper from Carter. But as the proof showed that the waiver relied upon was before Roper had made any payment to Carter for the corn, and before appellees had bought from Roper, the instructions, though they would have been more accurate in the form suggested, yet they could do no harm in the respect named, under the facts of the case.

Objection is made to the giving of the following instruction for appellees:

1. "If you believe, from the evidence, that August Krug has wilfully and knowingly sworn falsely as to any material point in controversy, then you may disregard his entire testimony."

This instruction was inaccurate without the modification that the witness was uncorroborated by other evidence. *Yundt* v. *Hartrunft*, 41 Ill. 10.

The vital portion of Krug's testimony was in regard to the alleged conversation had with him, from which a waiver of the lien was claimed, he denying the conversation as testified to by appellants' witnesses. The only corroborative evidence in the case was that of his small boy, twelve years of age when he testified, and only nine years old when the conversation took place, and which he testifies to have been as related by his father.

Under the circumstances, we can hardly think the inaccuracy in this instruction should be held sufficient error to reverse the judgment.

The judgment will be affirmed.

*Judgment affirmed.*