Harvey, Wolff & Co. v. Miles.

## HARVEY, WOLFF & CO.

### v.

### ELISHA MILES.

1. INSTRUCTIONS.—Where there is a conflict in the evidence, the instructions should be accurate, clear and perspicuous.

2. AGENCY—INSTRUCTIONS.—An agent may make himself liable to his principal for an act done in excess of his authority, and yet the principal be responsible to third persons for the act, if done within the scope of the agent's apparent authority. As the instructions given proceeded upon the theory that in order to charge the principal with the acts of the agent the agent must have had express authority from his principal to do the act, they were erroneous.

APPEAL from the Circuit Court of Rock Island; the Hon. GEORGE PLEASANTS, Judge, presiding. Opinion filed August 7, 1885.

Mr. JOHN C. PEPPER, for appellant; as to authority of an agent, cited Ill. Cent. R. R. Co. v. Morrison, 19 Ill. 140; W. & C. R. R. Co. v. Dalby, Ibid. 355; M. S. & N. I. R. R. Co. v. Day, 20 Ill. 378; St. L. & M. P. R. R. Co. v. Parker, 59 Ill. 23; Ætna Ins. Co. v. Maguire, 51 Ill. 349; McGregor v. McDevitt, 64 Ill. 261; Singer Mfg. Co. v. Holdfodt, 86 Ill. 459; Thurber v. Anderson, 88 Ill. 167; Hurd v. Marple, 10

Bradwell, 418; Tanner et al. v. Hastings, 2 Bradwell, 283; Hurd v. Marple, 2 Bradwell, 403; Stevens v. Meers, 11 Bradwell, 138; Meister et al. v. The Cleveland Dryer Co., 11 Bradwell, 227; Union Mutual Ins. Co. v. Slee, 109 Ill. 37; National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 428.

Messrs. BASSETT & WHARTON, for appellee; that an agent to collect has no implied authority to release the debt without payment, to exchange for other property, or to extend the time or compound the debt, cited Padfield v. Green, 85 Ill. 529; Reynolds v. Ferree, 86 Ill. 570; Melvin v. Lamar Ins. Co., 80 Ill. 447; Doubleday v. Kress, 50 N. Y. 410; Central Law Journal, Vol. 18, Feb., '84, page 166; Paley's Agency, 290; Lewis v. Garnage, 1 Pickering, 347; Lawrence v. Johnson, 64 Ill. 352; Gerrish v. Maher, 70 Ill. 470; Ryhiner v. Feickert, 92 Ill. 313.

WELCH, J.   Appellee owned a farm near Aledo, in Mercer county, and rented the same to James H. Gibson in 1876, and went to Nebraska; Gibson was also his tenant in 1877 and 1878.   Appellants purchased from Gibson the oats and corn raised on the farm in the year 1878, and paid him the money therefor; and this action is brought to recover the price and value of the crop of oats and corn of 1878 raised by James H. Gibson, as tenant of appellee, and sold to appellants.   There is no controversy as to the grain being raised on appellee's land, nor to his having the usual lien thereon as landlord up to a certain time.   But it is insisted by appellants that the appellee is estopped by the action of McClintock, the son-in-law of appellee, who, as is claimed by appellants, was the general agent of appellee to transact his business, look after his farm and tenant, and collect the rents; that they purchased the corn and oats from Gibson and paid him the money with the consent of McClintock.   There are two questions of fact in the case; first, was McClincock the agent of appellee to look after the farm and to collect the rent?   Second, if he was, did he consent that appellants might purchase the oats and corn of Gibson, the tenant, and pay him therefor?   These

Harvey, Wolff & Co. v. Miles.

questions of fact were submitted to the jury, and verdict and judgment for appellee; from which verdict and judgment this appeal is taken. There being a conflict in the evidence "It was necessary that the instructions should not only be accurate, but also clear and perspicuous. They should aid the jury in arriving at a correct conclusion, and should not be calculated to mislead or leave them in doubt as to the law arising upon the evidence." Leonard W. Volk v. James A. Roche, 70 Ill. 297. There was manifest error in the 1st, 2d, 3d, 4th, 5th, 6th and 7th of appellee's instructions, also in the modifications of appellants' instructions. We shall notice each, but not in their order, and as this cause will have to be submitted to another jury we will not further refer to the facts.

The second of appellee's instructions was erroneous. It informed the jury that appellee should recover unless "he has conveyed or released his lien in some mode known to the law as hereinafter pointed out in other instructions. A jury might have some idea of conveyance and release, but they would have never understood from this instruction that the lien could be waived or lost by estoppel. The defense of the appellants was based on the idea of an estoppel—that Mc-Clintock was the agent of appellee to look after the farm and collect the rents, and that they purchased and paid for the oats and corn with his consent to Gibson. If that claim was true then appellee was estopped. Doan et al. v. Duncan, 17 Ill. 274; Noble v. Nugent, 89 Ill. 524; Goeing et al. v. Outhouse et al., 95 Ill. 346.

The 5th instruction is of like character and is erroneous. It informed the jury "in order to bind the appellee by anything McClintock did or said it was incumbent on appellants to show by the evidence that appellee authorized McClintock to waive or release appellee's lien." This instruction says to the jury, that it is not enough that the proof shows that Mc-Clintock was the general agent of appellee to attend to his business and collect these rents; even if you believe that, you must further find from the evidence that appellee specifically authorized him to waive or release the lien. This instruction

virtually swept away the whole theory of the defense of estoppel. Whether the principal gave specific authority to his agent to do or say anything or not that would estop him from collecting his rent, he would still be bound by the acts of his agent within the apparent scope of his agency. In the case of Goeing et al. v. Outhouse et al., *supra*, King, the agent, had no specific authority to tell the falsehood he did; but it was held the principal was estopped, although the statements and action of the agent were a falsehood and a fraud as to him.

By the last clause of the sixth instruction, " McClintock's own testimony in this case is proper and legitimate evidence, but not the declarations made on other occasions in the absence of the plaintiff." The jury were in effect told to disregard every statement made by McClintock out of the hearing of appellee, no matter if he was the agent of appellee and made the statement, and in relation to the same while acting as such agent, when engaged in and about appellee's business; thus excluding from the jury the statements of McClintock to the appellants in regard to the purchase from Gibson and payment to him of the money for the oats and corn; although the jury might have believed from the evidence that McClintock was the agent of appellee to look after the farm and the rents. This was manifest error.

The seventh instruction tells the jury " and even if the jury find from the evidence that McClintock was authorized to collect the rents of 1878, this would not constitute McClintock the agent with power to waive the lien of plaintiff or to permit the sale of the grain without the payment of the rents. In order to constitute him an agent for that purpose, he must have had special authority to give the permission or waive the lien, or general authority, express or implied, broad enough to include it." This instruction in this respect ignored the distinction between cases where the question at issue concerned the relative rights and liabilities of the principal and agent only, and those which concerned the principal and third parties. An agent may make himself liable to his principal for an act done in excess of his authority, and yet the principal be responsible to third persons for the act if done within the

scope of the agent's apparent authority. This objection applies equally to the 1st, 2d, 4th, and 5th of appellee's instructions; they each ignore this distinction. They all proceed upon the theory that in order to charge the principal with the acts of the agent, the agent must have had express authority from his principal to do the act. This is not the law as held in Doan et al. v. Duncan and Goeing et al. v. Outhouse et al. *supra*.

The same objection applies to the modification of defendants' 2d, 3d, 4th, 5th, 6th, 7th and 8th instructions. The modification should not have been made, and the 1st, 2d, 4th, 5th, 6th and 7th of appellee's instructions should have been refused. For the errors indicated the cause is reversed and remanded.