# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1886.

## PEORIA, DECATUR & EVANSVILLE RY. CO.

### v.

### GEORGE WAGNER.

1. INSTRUCTIONS.—In a case where the evidence is conflicting and the negligence charged, if proved at all, is a fact strongly disputed by the proof on behalf of defendant, instructions should not only state the law accurately but should also be applicable to the evidence.

2. EVIDENCE.—Sections of a village ordinance when read in evidence against a defendant to show negligence, should be accompanied by proof that the ordinance was in force at the time of the negligence complained of.

APPEAL from the Circuit Court of Richland county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed April 15, 1886.

Messrs. STEVENS, LEE & HORTON, and Messrs. WILSON & HUTCHINSON, for appellant.

Messrs. McCAULEY & MONTRAY, for appellee.

GREEN, J. This was a suit by appellee against appellant, commenced before a justice of the peace to recover the value of a cow alleged to have been killed by the negligence of appellant's servants in charge of its train. The cause was

(598)

taken to the Circuit Court of Richland county on appeal and there tried by a court and jury, resulting in a verdict for plaintiff for $40 damages, overruling appellant's motion for new trial, judgment on verdict, and this appeal therefrom. There can be no doubt the cow was killed, but there is a very sharp conflict of evidence on the question whether the death of the cow was caused by the negligence of the servants of appellant. Counsel for plaintiff below seem to have been aware of this, and the instructions asked for and given to the jury on his behalf indicate that the theory upon which the case was tried and verdict for plaintiff insisted on, was that the cow had been killed by defendant's train within the corporate limits of the city of Olney, and that said train was running at a rate of speed forbidden by the city ordinance of Olney in force at the time said cow was killed, and hence the servants in charge of the train were guilty of such negligence as rendered appellant liable for the damages resulting therefrom.

The only error assigned necessary to pass on is that improper instructions were given by the court to the jury on behalf of plaintiff below. In the first of these the court instructs the jury, in substance, that if they believe from the evidence the cow was the property of plaintiff when killed, and was killed by defendant's train, managed by its servants, within the corporate limits of the city of Olney, and further believe from the evidence that said corporation had duly passed and published the ordinance given in evidence regulating the speed of trains while passing through the corporate limits of said city, and that said ordinance had been duly published according to law before the date of killing said cow, and that defendant's train was running more than six miles an hour at the time said cow was killed, this fact, together with all other facts and circumstances in evidence, you may consider in arriving at your verdict; and if you find that by reason of the willful or gross negligence of said company said cow was killed by their engine, then you should find for plaintiff and assess his damages at whatever the weight of the evidence shows said cow was worth. The second instruction is

as follows: "That when a railroad company runs its trains through a city, incorporated town or village, at a greater rate of speed than is permitted by the ordinance of the city, town or village, and stock is killed by such train while so running, the killing will be presumed to have been done through the negligence of the company." And the third of these instructions is this: "The court instructs the jury that it is *prima facie* evidence of negligence on the part of the railroad company to run its trains through a city, incorporated town or village at a rate of speed prohibited by law, and if a railroad do so run its trains and thereby injure property, then such company is liable."

In a case like this, where the evidence is so conflicting, and the negligence charged, if proven at all, is a fact strongly disputed by the proof on behalf of defendant, instructions should not only state the law accurately, but should also be applicable to the evidence. These instructions just quoted and alleged to be erroneous must be so held, unless the ordinance relied on by appellee was properly admitted in evidence, and was also in force at the time said cow was killed. The record shows: "Counsel for plaintiff offered in evidence the ordinance of the city of Olney, in pamphlet form, and asked to read to the jury Sec. 204 and Sec. 240 thereof," and was permitted to so read said sections, over the objection for immateriality made by counsel for appellant. To this ruling of the court no exception was taken; hence we can not consider the error assigned for admitting improper evidence on behalf of plaintiff; but these sections were not proven to have been in force at the time the cow was killed. The record discloses no evidence even tending to show when these sections were passed, or by what body, or at what time they were in force; nothing but the sections themselves were read in evidence, and they are without date. Such being the evidence, the instructions were vicious and calculated to mislead the jury. For the error in giving these instructions on behalf of plaintiff, the judgment must be reversed and cause remanded.

Reversed and remanded.