## Chicago City Railway Co. v. Ellen Meehan.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—In cases where the testimony is conflicting the instructions should be accurate, clear and perspicuous.

2. ORDINARY CARE—*What Constitutes.*—What constitutes ordinary care depends upon the conduct of the party under all the facts, circumstances, disadvantages and disabilities.

3. CONTRIBUTORY NEGLIGENCE—*No Recovery Where it Exists.*—There can be no recovery if the plaintiff's negligence contributed in any degree to the injury.

4. SAME—*Stepping from a Car in Motion.*—The question as to whether stepping from a street car while in motion is negligence depends upon the person who does the stepping, and all the facts and circumstances surrounding the case.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Reversed and remanded. Opinion filed July 16, 1898.

W. J. HYNES and E. R. BLISS, attorneys for appellant.

C. S. O'MEARA, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This action was commenced by appellee to recover from appellant damages for injuries alleged to have been

received by appellee in alighting from a cable car on State street in the city of Chicago. The accident occurred at or near the intersection of Twenty-ninth and State streets June 11, 1895. At the trial the jury returned a verdict in favor of appellee. A motion by appellant for a new trial was overruled and judgment was entered upon the verdict; and the case is brought to this court by appeal.

The testimony is very conflicting. Had the verdict been for appellant it certainly could not have been set aside upon the ground that it was contrary to the evidence. It was therefore necessary that the instructions should be accurate, clear and perspicuous. Wolff v. Miles, 16 Ill. App. 533. They should not only state the law accurately, but should also be applicable to the evidence. Peoria, D. & E. Ry. Co. v. Wagner, 18 Ill. App. 598. The deliberations of the jury should not be influenced by improper instructions. Shaw v. People, 81 Ill. 150; Cushman v. Cogswell, 86 Ill. 62; Chicago City Ry. Co. v. Canevin, Ill. App., October term, First District, and cases there cited.

The court refused to give instructions No. 6 and No. 9, as requested by appellant, but gave them as modified by the court. Those instructions, as given, are as follows (the modifications made by the court appearing in parentheses in italics):

" No. 6. The jury are instructed that if it appears from the evidence in this case that the plaintiff left her seat and got down upon the running-board of the car upon which she was riding while the same was going, and that she either stepped or slipped off said car while it was in motion (*under circumstances which would necessarily or probably render such an act dangerous*), and fell in the street, and that in so doing she was guilty of a want of ordinary care for her own safety, and that by such conduct on her part contributed to the injury by reason of which she suffered the injury complained of, then the jury are entitled under the pleading in this case, to find for the defendant."

" No. 9. The jury are instructed that if they find from the evidence that the plaintiff, without any warning or

notice to the defendant's servants on the occasion in question, and without asking or waiting for the defendant to give her an opportunity to safely alight from said car, either jumped or stepped from said car (*while the car was in motion, and not at a regular stopping place, under the circumstances which would necessarily or probably render such an act dangerous*), and was injured as complained, and if they believe such conduct on her part was a want of ordinary care for her own safety, then the plaintiff can not recover in this."

Whether these instructions should have been given as presented by appellant it is not necessary now to inquire. They should not have been given as modified. On behalf of appellee it was contended upon the trial that she alighted at a regular stopping place; that the car had stopped and was standing still; and that as she was in the act of stepping from the car while it was standing still, it was suddenly and without warning started forward, and that she was thereby thrown to the street and injured.

On the part of appellant it was claimed at the trial that appellee did not step from the car at a regular stopping place; that the car had not stopped, but was still in motion at the time appellee stepped off; and that the car did not stop or come to a standstill until after appellee had stepped off and had fallen.

It would not be contended that appellee could recover if she was injured by reason of her having carelessly stepped off the car while it was in motion and not at a regular stopping place. That would be such a want of ordinary care on her part that she could not recover damages for the injury sustained.

The court's modification of the ninth instruction was so worded as to be likely to give to the jury the impression that it might not be negligence to alight from a car while it was in motion if it was at a regular stopping place. It is usually want of ordinary care to step off a car while it is moving, and it makes but little difference whether it is or is not at a regular stopping place. It must be kept in mind

that there is a very sharp conflict in the testimony as to whether the accident occurred at a regular stopping place. If the jury came to the conclusion from the testimony that this accident in fact was at a regular stopping place, then they might understand from this instruction that plaintiff could recover, although she stepped from the car while it was in motion.

The car in question is what is called an open car. There was a foot-board the whole length of the car, and a passenger can step from any seat in the car to the foot-board and from that to the street. A passenger could thus leave the car without passing the conductor. There are posts or handle-bars so placed that a person alighting may hold on to one of them. Appellee testifies that when she stepped off the car she was facing south; that the car was going north, and that her face was toward the rear end of the train.

We do not say that it is always negligence for a person to alight from a car with the back toward the front end of the train. But by the modifications made by the court, the manner of getting off the car is ignored. Even if it be considered that under such circumstances it would not be negligence or want of ordinary care for a young man in sound, physical condition and vigor to jump or step from a car while it is in motion and not at a regular stopping place, yet it might be negligence and show an absolute want of ordinary care for a woman, under the same circumstances, to step or jump from a moving car with her back toward the front end of the train. In alighting from a moving car in the manner indicated, a woman would usually be laboring under a serious disadvantage by reason of her mode of dress. But what constitutes ordinary care depends upon the conduct of the party under all the facts, circumstances, disadvantages and disabilities. Again, even though it be conceded.that a vigorous and active young man, having both feet, might, under the same circumstances, jump from a car while it is in motion and not at a regular stopping place, yet it might, under the same circumstances, be negligence

for a man with but one foot to jump from a car at any place while it was in motion, or at any time, unless under some extraordinary circumstances.

" The rule is well settled by numerous adjudications that there can be no recovery if the plaintiff's negligence contributed in any degree to the injury." For an exhaustive consideration of this question and review of authorities, see Chicago City Ry. Co. v. Canevin, cited above.

The facts in that case were quite similar to the facts in the case at bar. An instruction was asked by the defendant which was very like the instructions now under consideration. The trial court modified the instruction in that case by inserting the word " materially," thus making it say that if the conduct on the part of the plaintiff " was a want of ordinary care for her own safety which materially contributed to the injury complained of," she could not recover. That was held to be error upon the settled principle that if plaintiff had " contributed in any degree to the injury," she could not recover, and that to say that she must have contributed materially was not consistent with the settled doctrine as to contributory negligence.

The natural and ordinary meaning of the modification of these instructions is that even though appellee was in fact negligent, or did not, in fact, use ordinary care for her own safety, yet, if the circumstances were such that her act would not necessarily or probably be dangerous, she could recover. That is not the law. The question is not whether any particular conduct on her part would necessarily or probably be dangerous, but did she, under all the circumstances, use ordinary care for her own safety.

There were no extraordinary circumstances attending the situation of this train. There was no impending danger to the car in which appellee was riding. There was nothing calling for unusual haste; nothing tending to distract the attention of appellee; no unusual cause for excitement; nothing indicating any necessity for leaving the car at any other than the regular stopping place while it was standing still. Neither does it appear from the testimony, that

appellee had any excuse for stepping or jumping off the car with her face toward the rear of the train. If she, in fact, "either jumped or stepped from said car and was injured as complained," and if under all the facts and circumstances shown by the testimony "such conduct on her part was a want of ordinary care for her own safety," then the jury should not have been restricted, as was done by the modifications in question. If appellee alighted from the car while it was in motion and not at a regular stopping place, when there was no necessity for so doing, or if she alighted in a careless manner, then she took upon herself the responsibility of the consequences of her act. It would then be immaterial, so far as liability of appellant is involved, whether the circumstances were such as "would necessarily or probably render such an act dangerous." The question is, was the act of appellee such, or was it done in such a manner, as to show a want of ordinary care for her own safety.

The ninth instruction, as modified, would ordinarily be understood to state the law to be that appellee might recover, notwithstanding her own negligent act or want of ordinary care may have contributed to the injury, provided the surrounding circumstances were such that the act would not necessarily or probably be dangerous. That is not the law.

As this case must be remanded for a new trial we refrain from expressing any opinion as to the question of fact involved.

The judgment of the Superior Court is reversed and the cause remanded.