# Solomon McKichan *et al.*

## *v.*

## John McBean.

1. CONTINUANCE — *affidavit for* — *absence of witness and materiality of testimony.* A continuance founded upon the absence of a witness, will be properly refused where the facts to be proved can be shown by other witnesses; or where the testimony of such witness, if given, would be insufficient to establish any material fact in issue.

2. NEW TRIAL — *when will not be granted for error in refusing proper testimony.* A new trial will not be granted because the court may have erred in refusing to admit evidence, which, though proper, was vague and circumstantial, and in direct contradiction of positive proof upon the question in issue, where, had the jury acted upon such evidence and in disregard of the direct proof, it would have been the duty of the court to set aside the verdict.

3. INSTRUCTIONS — *need not be repeated.* It is not error for the court to refuse an instruction which, in substance, had already been given to the jury.

4. NEW TRIAL — *verdict against the evidence.* Where there is a positive conflict of evidence, and the facts and circumstances by a fair and reasonable intendment justify the inference of the jury, the verdict will not be disturbed.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. ARRINGTON & DENT, for the appellants.

Messrs. BECKWITH, AYER & KALES, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by John McBean and George W. Wilson in the Circuit Court of Cook county, against Solomon McKichan and James Campbell, to recover a balance claimed to be due on a cargo of wood. It appears the wood was sold and delivered in Chicago, in the month of August, 1863. It is claimed by plaintiffs below that there were 194½ cords of hickory wood delivered at the wharf of defendants below, and that the price agreed upon was $7.50 per

cord, amounting to the sum of $1,458.75, upon which it is admitted defendants paid $923.60, but they claimed a balance of $535.15 to be due them. A trial was had before the court and a jury, who found for the plaintiffs and assessed their damages at $535.15. A motion for a new trial was entered, but overruled by the court and judgment rendered on the verdict.

The first objection urged for a reversal is, the overruling the motion for a continuance. The affidavit on which it was based stated, that Darling was a material witness on the trial of the cause; that the principal contest in the case related to the measurement of the wood delivered; that Darling had examined it in Canada, whence it was shipped to Chicago, with a view to its purchase, but declined purchasing it, for the reason that he believed there was not the quantity stated by the owners thereof, and that the wood was loosely piled at the place referred to in Canada, and that it was in such a condition that an exact measurement could not, at the time and place, have been made, and was so piled that the quantity could not be ascertained with reasonable certainty.

The affidavit also alleges, that Darling had been engaged in the purchase and sale of wood for five years previously; that he resided in Chicago; that about the 15th of April previous, he had left the State for Canada, and had not returned within the jurisdiction of the court, and was still absent temporarily; that affiant did not learn of the absence of the witness until after the third day of the term at which the application for a continuance was made.

It will be observed that this affidavit does not state the amount the owners in Canada represented there was of this wood. For aught that appears, he may have represented it as containing a much larger amount than is claimed by defendants in error. McKichan states that he would prove that witness declined to purchase because it did not, in his opinion, contain the quantity represented. There is nothing from which we can learn the quantity represented, and hence this statement, if proved, would be entirely insufficient to show

230          McKichan *et al. v.* McBean.          [Sept. T.,

Opinion of the Court. .

how much there really was. And it appears that the person who measured it in Canada docked the amount claimed, thirteen cords. So we are not able to see but defendants below have had the benefit of all the evidence that they could have had with this witness on the stand, as to the fact that it would fall short in measurement. As to the statement that the wood was in such a condition that any exact and proper measurement could not, at the time and place, have been made, and the quantity could not be ascertained with reasonable certainty, we must understand that the witness would only state it as his opinion. But we know from experience that it would have been possible, and no doubt probable, that the quantity could be ascertained with accuracy.

The means of measuring quantity is not so imperfect that a pile of wood cannot be ascertained. It may have been that the parties would have been compelled to resort to some other than the ordinary means, but we can hardly imagine that it could have been so situated, that by a small amount of extra labor the quantity could not have been ascertained with reasonable certainty. We are therefore of the opinion, that, had the witness been produced, and had he so sworn, it could not in any event have been material to the issue, unless more explicit than stated in the affidavit.

It is insisted, that the court below erred in refusing to permit plaintiffs in error to prove that there was shrinkage in the transportation of wood from Canada to Chicago. It is almost impossible to conceive how the mere shrinkage of wood from seasoning in its passage from Canada to Chicago, occupying only a few days, could make any material difference in its measurement. If such be the fact, we are at a loss to comprehend the principle upon which it occurs. But, when plaintiffs commenced delivering the wood before the cargo was discharged, he thereby rendered it inconvenient if not impracticable to make an accurate measurement, and should be presumed to have received it at the Canada measurement. And not only so, but there was positive evidence of the amount of wood, by a witness who measured it in Canada, and he says he did so

with care, and made all necessary deductions and allowances so as to render it accurate. We do not see how this general, vague, and, at most, remote, circumstantial evidence could have been material, with such direct and positive evidence in the case. And although it might have been properly admitted, still, if the jury had acted upon it and disregarded the positive evidence of the measurement, it would have been the duty of the court to have set aside the verdict and granted a new trial. This being so, we should not reverse even if there was error in refusing to admit such evidence.

A careful examination of the instructions given will show that the rule of law contained in that which was refused by the court, was contained in others already given. When the court instructed the jury that if defendants below agreed to take the wood at the offer of McBean if they liked it, and upon its arrival they had refused to take it at the offer, and the agent of plaintiffs had agreed to sell it at another price, that the latter contract must govern, the same principle of law was as clearly announced as it was in the rejected instruction. There was no error in refusing this instruction, as the court is not required to repeat instructions already given to the jury.

It is urged that the finding of the jury was too large, and that a new trial should therefore have been granted. If the eleven cords of wood claimed by plaintiffs in error not to have been received was deducted, and the remainder was allowed at $7.50, and interest was allowed on the amount unpaid, then the verdict would be too small, and, having found the principal due, the jury would have been warranted in finding that there had been an unreasonable delay in making payment, and could have allowed interest on the principal.

If, however, the jury found, that plaintiffs in error received all but five and a half cords of the 194½, and allowed defendants in error seven dollars per cord, and allowed interest at six per cent per annum on the unpaid balance, the result would be a trifle more than the verdict. And we may reasonably infer, that this was the mode in which they found their verdict, rejecting the small amount over the claim of defendants in

error. In the positive conflict of evidence, the jury were warranted in finding as they did. It was for them to weigh and consider the evidence and give weight to such portions only as from all the circumstances they believed to be true, and reject the balance. One of the plaintiffs in error swore that the price agreed to be paid for the wood was $6.25 per cord. There was other evidence tending to fix the price at $7.50, and still other, evidence at seven dollars per cord. The jury no doubt regarded the last of these as the price agreed upon by the parties, and so acted upon it, and we are of the opinion that the evidence warranted their finding. The judgment of the court below must be affirmed.

*Judgment affirmed.*