PETER NEUERBERG ET AL.

V.

MARY GAULTER.

</div>

PRACTICE—INSTRUCTIONS.—Where there is a conflict in the evidence, or
where it leaves it doubtful which way the jury should find, the instructions
given by the court should accurately state the law.

2. REMEDY UNDER DRAM SHOP ACT.—The Dram Shop Act gives a reme-
dy to the wife for the injury to her means of support by reason of sale of
liquors to her husband only where the injury is the consequence of the in-
toxication of the husband, and it gives such remedy against every person who
shall have caused that intoxication in whole or in part.

3. INTOXICATION MUST BE SHOWN.—The person injured must have been
intoxicated by the use of the liquor sold or given to him; part intoxication is
not sufficient. The words in the statute, "in whole or in part," are used
with reference to the persons who sell or give the liquor, and not to the con-
dition of the party injured, and an instruction which leads the jury to infer
the latter is erroneous.

APPEAL from the Circuit Court of McLean county; the Hon.
OWEN T. REEVES, Judge, presiding. Opinion filed October 2,
1879.

Neuerberg v. Gaulter.

Messrs. STEVENSON & EWING, Messrs. GASPER & EWING, and Mr. B. D. LUCAS, for appellant; contending that although the deceased may have been intoxicated, yet, if his death was caused by the negligence of the railroad company, the plaintiff cannot recover in this action, cited Shugart v. Egan, 88 Ill. 57; Schmidt v. Mitchell, 84 Ill. 195; Tweed v. Ins. Co., 7 Wall, 44; Wharton on Negligence, § 134.

Messrs. BLOOMFIELD & HUGHES, for appellee; that no assignment in error of the verdict being against the evidence being made, it cannot be urged here, cited Townsend v. Briggs, 1 Scam. 472; Jackson v. Warren, 32 Ill. 331.

Erroneous instructions, that are cured by others, will not reverse: Van Buskirk v. Day, 32 Ill. 260; Chicago v. Hesing, 83 Ill. 204; Lawrence v. Hagerman, 56 Ill. 68; Hardy v. Keeler, 56 Ill. 152.

DAVIS, P. J.    Action on the case commenced by appellee under the "Dram-shop Act," to recover damages for an injury to her means of support, by the killing of her husband on the track of the Chicago and Alton Railroad, while intoxicated by liquor sold to him, as alleged, by some of the appellants.

The law under which this action was brought, provides that every wife who shall be injured in person or property or means of support in consequence of the intoxication of any person, shall have a right of action in her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person.    Sec. 9 of chapter 43, page 433, Revised Statutes of 1877.

The evidence on the trial below was very conflicting as to the fact of the intoxication of the husband of appellee, and where there is a conflict of evidence, or where it leaves it doubtful which way the jury should find, the instructions given by the court should accurately state the law.    Volk et al. v. Roche, 70 Ill. 297; T. W. & W. R. W. Co. v. Corn et al. 71 Ill. 493.    The law gives the remedy only where the injury is the consequence of the intoxication of the person, and it gives

it against every person or persons who shall have caused that intoxication in whole or in part, and the law should have been so given to the jury. But the court below, in appellee's second instruction, informed the jury that "If the plaintiff has proven by the evidence before you, to your satisfaction, that William Gaulter drank intoxicating liquors received from any or either of the defendants, and in consequence of such drinking became intoxicated in whole or in part, and in consequence of such intoxication was injured, as charged in the declaration, so that he died, and thereby deprived her, as his wife, of her means of support formerly received by her as his wife, then she is entitled to recover;" and also in her fifth instruction: "That by the law of Illinois, every person who sells or gives intoxicating liquors to another, and thereby causes intoxication, in whole or in part, in the person receiving such liquor, is liable to the wife of such person so intoxicated (whether in whole or in part), for any injury to the wife's means of support resulting from hurt, damage or death, happening to her husband while in such condition, and as a consequence thereof or caused by the same." These instructions are erroneous. They inform the jury that the plaintiff would be entitled to recover if her husband was intoxicated *in whole or in part*. This is not the law. The person to whom the liquor is sold or given, must, by the use of it, become intoxicated. Part intoxication will not meet the requirements of the law. The language of the Statute " in whole or in part, " is not used with reference to the intoxication of the person, but with reference to the persons who sell or give the liquor. The intoxication may be produced by liquor sold by one or by many persons, but when produced, all who in whole or in part cause the intoxication, are liable.

Under these instructions the jury might consider that a very slight degree of intoxication was an intoxication in part, which would justify them in finding against a defendant, and although the law as to intoxication might be correctly given in other instructions, the jury might regard and act upon the faulty ones, and disregard those which should control them.

The same error occurs in several other instructions given for appellee, and in the modification by the court of several of those given for appellants.

Appellee recovered a judgment below, and for the error in the instructions, as indicated above, it must be reversed. Judgment reversed and cause remanded.