JOHN I. BENNETT

*v.*

BRIDGET CONNELLY.

*Filed at Ottawa May 12, 1882.*

1. APPEAL *from Appellate Court—reviewing the facts.* On affirmance of a judgment in assumpsit by the Appellate Court, it will be taken that such court found the facts the same as the jury, and this court is precluded from inquiring into the correctness of such finding.

2. This court can only look to the facts, as found by the Appellate Court, to determine whether the law was correctly applied to the facts.

3. INSTRUCTION—*should be given if properly asked.* It is error to refuse an instruction which accurately states a rule of law applicable to the issues and evidence, when that rule is not announced in any others given.

4. ACTION—ATTORNEY AT LAW—*right to recover for services and advances.* An attorney at law who performs legal services for another with his consent, and advances and pays money for his client while acting as his solicitor, in matters connected with his employment, is entitled to recover the reasonable value of such service, and the amount of the money so advanced.

5. SAME—*for money had and received—measure of recovery.* A plaintiff has a right to recover, in an action for money had and received, only such sum as in equity belongs to him.

6. Where an attorney received a sum of money from the purchaser of property at a sale on partition of land as a part of the price which was paid him to prevent the sale from being opened and a re-sale ordered, his client, who is entitled to only one-half of the property sold, or its proceeds, will not be entitled in a set-off to recover the whole sum thus received by the attorney, but only one-half thereof, and the attorney will be liable to the other owners for the balance.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FRANK J. CRAWFORD, and Mr. W. J. HYNES, for the plaintiff in error:

Attorneys may contract with their clients for conditional and contingent fees, and a contract that the attorney shall perform services and receive satisfaction in a share of the property or claim involved in suit, or in a percentage on the value of the property recovered, or out of the funds collected, is valid and binding. *Smith* v. *Young et al.* 62 Ill. 211; *Newkirk* v. *Cone*, 18 id. 449; *Johnson* v. *Bright*, 15 id. 465; *Morgan* v. *Roberts*, 38 id. 79; *Wilhite* v. *Roberts*, 4 Dana, 172; *Topley* v. *Coffin*, 12 Gray, 420; *Ramsey's Devisees* v. *Trent*, 10 B. Mon. 341; *Thalhimer* v. *Brinkerhoff*, 3 Cow. 643; *Fitch* v. *Gardenier*, 2 Keyes, 516; *Bayard* v. *McLane*, 3 Harr. 217.

Attorneys are protected in advances made to their clients from motives of humanity, after actions brought. *Bristol* v. *Dunn et al.* 12 Wend. 142; *Currie* v. *Cowles*, 6 Bosw. 452.

A demand to be set off must arise *ex contractu*, and not *ex delicto*. Barbour on Set-Off, 32; *Sargeant* v. *Kellogg*, 5 Gilm. 280; *Robinson* v. *Hibbs*, 48 Ill. 410; *East* v. *Crow*, 70 id. 94; *Le Lois* v. *Crow*, 4 Camp. 134; *Gillett* v. *Mawman*, 1 Taunt. 137; *Sherman* v. *Ballou*, 8 Cow. 304; *Dowland* v. *Thompson*, 1 Wm. Black. 910; *Freeman* v. *Hyett*, 1 id. 394;

*Heck* v. *Shever*, 4 Serg. & R. 249; *Adams* v. *Manning*, 17 Mass. 179.

So, where the alleged damages arise out of the same subject matter, and arise *ex delicto*, they can not be set off, but must be *recouped*. And in such case they can never exceed the plaintiff's demand. *Stow* v. *Yarwood*, 14 Ill. 426; *Brigham* v. *Hawley*, 17 id. 39; *Babcock* v. *Trice*, 18 id. 421; *Schuchman* v. *Knoebel, Exr.* 27 id. 178; *Christy* v. *Ogle's Exr.* 33 id. 298; *Lunn et al.* v. *Gage*, 37 id. 29; *Streeter* v. *Streeter*, 43 id. 161; *McDowell et al.* v. *Milroy*, 69 id. 500; *Howell* v. *Goodrich*, 69 id. 560; *Waterman* v. *Clark et al.* 76 id. 430; Barbour on Set-Off, 26, 29; *The United States* v. *Buchanan*, 8 How. 105.

If the defendant was entitled to recover a set-off, it should have been only for her interest in the same, and not for the entire sum.

Messrs. SWETT, BATES & HASKELL, for the defendant in error:

It is the general policy of courts, in cases between client and attorney, to protect the suitors, and not to suffer any advantage to be taken of them. 1 Story's Eq. Jur. secs. 310, 312; *Warmsley* v. *Booth*, 2 Atk. 25.

While it is true the plaintiff was guilty of a tort in the way he obtained the money, the defendant had a right to waive the tort and sue for the money, if she chose. *Schuyler* v. *Smith*, 51 N. Y. 309; *Rose* v. *Mynatt*, 7 Yerg. 30.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by plaintiff in error, to recover for services as an attorney, and for money advanced. He claimed $2300. Defendant in error filed a plea of set-off. A trial was had, resulting in a verdict and judgment in favor of defendant, in the sum of $5037.31, and costs. The case was removed to the Appellate Court for

the First District, where, on a trial, the judgment of the Superior Court was affirmed. It is brought to this court, and a reversal is asked.

The facts of the case are argued at great length, the evidence contrasted and weighed and balanced, to show the jury were mistaken in their finding. We can hardly believe that counsel could suppose we would not remember that the 89th section of the Practice act (Sess. Laws, 1877, p. 153,) expressly prohibits this court from considering controverted questions of fact, but confines us alone to questions of law in this class of cases coming from the appellate courts. This has been frequently announced in reported cases. We can not suppose counsel were not aware of so important a provision of our Practice act, and the decisions of this court. The Appellate Court having affirmed the judgment of the Superior Court, it must be taken that on a full consideration of the evidence it found the facts as was done by the jury. We can only look to the facts, as thus found, to determine whether the law was correctly applied to the facts. We may also determine whether the Superior Court erred in its rulings in the progress of the trial.

It is not disputed that defendant in error was, in the lifetime of one Charles Dunn, his wife; that he purchased 110 acres of land in the vicinity of Calumet lake, in Cook county; that he died seized of the property, leaving no children or descendants of children, but leaving defendant his widow, and some collateral heirs; that they subsequently commenced proceedings for a partition, and defendant filed a cross-bill claiming that she furnished the money to make the purchase in her name, but the husband took the deed to himself, and not learning the fact until after his death, she claimed that there was a resulting trust in her favor, and asked to have it established. On a trial the claim was decided against her. The land being reported not susceptible of division, it was decreed to be sold. It was sold for $22,100.

In defending the partition suit, and in asserting her claim to the whole title to the land, she employed Kretzinger & Johnson as attorneys to protect her interests. They held a note on her for $6000 as a retainer, and a trust deed on the land to secure its payment. Some months after its date plaintiff in error became a member of the law firm, and its name was changed. This retainer was turned over to the new firm as a part of its business. Plaintiff in error becoming the owner of three-eighths of the note and trust deed, subsequently, on a dissolution of the firm, in the settlement became its sole owner. Defendant in error denied that she ever executed the note and deed of trust, and claims they are forgeries. After the land was sold other parties than the purchasers asked to have the biddings opened, and offered to raise them more than $5000 on the sum at which they were struck off to the purchaser. This application was denied by the court, and the sale was confirmed.

Defendant in error claims that plaintiff in error combined with the parties who became the purchasers of the property, for its sacrifice, and that she thereby sustained the loss of the difference in the price received and the price offered, had the biddings been opened. She claims that plaintiff in error sold the note and trust deed to one Bowen for $7000; that if Bowen became the purchaser at $125, he was to treat the note as paid, and satisfy the note and trust deed, and plaintiff in error to retain the money paid him for the note; that the land was struck off at a much higher price; that pending the motion to open the biddings, Beach, who held this note and trust deed, gave notice of the fact to her solicitors, and claimed it was a lien on her share of the property. The purchasers and her attorneys made some arrangement by which the note and deed of trust were cancelled. They claim it was by the purchasers paying Beach $7000 which plaintiff in error owed him, and to secure which Beach held the instruments, and upon defendant in error agreeing to pay one-half

of the taxes on the land, and the purchasers agreeing that she should have the privilege of removing the buildings on the land, the matter was thus arranged, and the motion to open the biddings was denied, and the sale confirmed.

It is claimed that the money paid to Beach was an advance on the bid at which the property was struck off to the purchasers, and being a part of the purchase money. The evidence is by no means definite as to the manner in which payment was made to Beach or the amount paid; but the jury seem by their finding to have considered the amount as $7000, and whilst the evidence is not explicit, it would justify the conclusion that whatever the sum, it was paid by the purchasers. This seems to be the preponderance of the evidence, and it certainly would justify such a finding.

These are the leading facts in the case, and being prohibited from considering the evidence to determine whether or not the jury found correctly, we shall proceed to determine whether the jury were properly instructed as to the law arising on the evidence, omitting the discussion of other questions raised and discussed by counsel.

It is urged that the Superior Court erred in refusing plaintiff's instructions. This is the first:

"If the jury find from the evidence that the plaintiff has performed services for the defendant, with her consent, since September, 1873, and has advanced and paid moneys for her while acting as her solicitor, in matters connected with her employment, they will find for the plaintiff a reasonable value for such service, as shown by the evidence, and also the amount of moneys which the evidence shows he has advanced for her."

This instruction accurately states a rule of law clearly applicable to the issues and evidence in the case, nor do we find that the rule was announced in any other instruction that was given. It was error to refuse it.

Again, it is claimed that the purchaser, to avoid litigation, took up the note and paid Beach, who then held the note and deed of trust, the amount it was pledged to secure of money he had loaned to plaintiff in error, to prevent the property from being again offered for sale, and that plaintiff in error thus received the advance that prevented the biddings from being opened, and it is urged, as plaintiff in error received $7000 of the purchase money of the property, defendant in error has a right to recover it from him. If it be true that Beach received that amount of the price for which the property was actually sold, and not at what it was bid off, and it paid the debt plaintiff in error owed him, and he thereupon released the deed of trust, the sum thus paid was a part of the purchase money of the entire tract, and not on the half owned by the defendant in error. There can be no pretense that she had any title or claim to more than one-half of the land, and could have none to more than one-half of the sum for which it was sold. If this $7000, paid Beach for plaintiff in error, was a part of the price paid for the land, as the jury seem to have found, she had the title to but half of that amount, and it was error, on the evidence, to instruct as the court did, that she was entitled to recover more than one-half, unless it be the sum she paid for taxes, and the value of her house she was, under the compromise, permitted to remove from the land. After deducting that sum, the other heirs were entitled to one-half of the sum thus paid to Beach for the use of plaintiff in error.

If defendant in error is entitled to recover for money had and received by plaintiff in error, she is not entitled to recover unless it in equity is hers. That action is in the nature of an equitable demand. She having failed to show she has a legal or equitable claim to the whole of this $7000, if the evidence proves a liability to her at all, it is but for half of that sum, and the other half to the heirs. And this is so if the recovery arises *ex contractu.* If the law implies a lia-

bility on the relation shown for a recovery in assumpsit, it is but for one-half. If the action is *ex delicto*, the liability of plaintiff in error to the other heirs does not inure to her benefit. His liability is to them as well, and not alone to her. She has no more right to recover and use their money than has plaintiff in error. She has no right, either in law or equity, to recover and have their money. It was therefore error for the court to instruct the jury, on the evidence, even if it proved all that was claimed, that she could recover the $7000, or the balance of that sum after deducting all of the claim of plaintiff in error that he established by his evidence.

For these errors in the instructions the judgment of the Appellate Court must be reversed, and the cause remanded.

*Judgment reversed.*


Mr. JUSTICE MULKEY: I do not concur in the conclusion reached in the foregoing opinion. The judgment of the Appellate Court, as is conceded, is conclusive upon all questions of fact. I am therefore unable to perceive upon what principle this court can raise any question as to the amount of recovery, when it is substantially conceded there might properly be a recovery for some amount. If there was a right of recovery at all, the amount was clearly a question for the jury. But outside of this, I am of opinion the judgment of the Appellate Court is proper, and should therefore be affirmed.