## CHICAGO, BURLINGTON & QUINCY RAILROAD CO.
### v.
### ABIGAIL McGAHA.

1. NEGLIGENCE.—Where appellee, who was driving in a buggy, when near the railroad crossing, stopped and looked and listened for an approaching train, and the view of the track being obstructed by weeds and brush on the company's right of way and no warning being given by bell or whistle, she did not see or hear the approaching train and started to cross, and when within a few feet of the track the train dashed by, frightening her horse, and the buggy was upset and she was injured, *held*, that the appellee used ordinary care and that appellant was guilty of gross negligence in not giving a signal and in permitting the brush, etc., to remain on its right of way.

C., B. & Q. R. R. Co. v. McGaha.

2. INSTRUCTIONS.—An instruction which is fully embraced in another already given, may properly be refused.

APPEAL from the Circuit Court of Knox county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed December 4, 1885.

Messrs. WILLIAMS & LAWRENCE and Mr. O. F. PRICE, for appellant.

Mr. A. M. BROWN, for appellee.

WELCH, J. This is one of those actions, now so frequent, for injuries caused by negligence, in which the principal questions are whether there was ordinary care used by the plaintiff, and whether the defendant was guilty of gross negligence.

The plaintiff in her declaration alleges in the first count that she was driving along a highway, using due care. That defendant's servants so carelessly ran a locomotive engine and train, in not ringing a bell or blowing a whistle, that said locomotive ran so close upon the plaintiff's horse that it became frightened and whirled round upsetting her carriage and injuring plaintiff.

The second count alleges that defendant owned a certain right of way, and was so negligent in allowing trees and brush and weeds to grow thereon as to prevent persons, using ordinary diligence, from discovering the approach of trains; by means whereof an engine ran near plaintiff when on the highway and frightened her horse so that he suddenly whirled and threw plaintiff out of the carriage, to her great injury. There was also a count alleging general negligence upon the part of the defendant. Plea of not guilty. Trial and verdict for plaintiff for the sum of $750. Motion for new trial—motion overruled and judgment, from which this appeal is taken. It is insisted upon the part of the appellants that there was a want of ordinary care on the part of the appellee, in the manner in which she approached the crossing; while on the other hand it is insisted that there was no want of ordinary care on the part of appellee, but that there was gross

negligence on the part of appellant in not ringing a bell or sounding a whistle, and in allowing trees, brush and weeds to be standing and growing on its right of way, so as to hinder and prevent persons, using ordinary care, from discovering the approach of trains, etc.

In the case of the Galena & Chicago Union R. R. Co. v. Dill, 22 Ill. 264, Justice Walker says: "The question of negligence is one of fact which must be left to the determination of the jury. It depends to so great an extent upon the surrounding circumstances of each case that unless it is gross no rule can be adopted. The jury must necessarily determine, from the situation of the parties and all of the surrounding circumstances, whether there has been negligence on either part, or whether the occurrence was purely accidental and without the fault of either party. On the part of the appellee it was shown that the horse was gentle; that within a few rods as she approached the crossing she stopped, looked and listened, to hear and see if there was an approaching train, and that not hearing or seeing any she started to cross the track, and that when within a few feet of the track the train dashed by, her horse was frightened, and suddenly turning upset the buggy, threw her out and seriously injured her ; that there was a curve in the road, which makes it dangerous for one coming from the south ; that there were weeds some eight feet high between the hedge fence and the track, which together with the hedge fence obstructed the view of one coming from the south, the direction from which appellee was coming; that no bell was rung or whistle blown. The only precautions she could take were to look and listen. She stopped her buggy within a few rods of the crossing, looked and listened for an approaching train and neither heard nor saw any. It can not be said that she was required to get out and leave her vehicle and go to the track, or to stand up in order to get a better view. This would be requiring extraordinary care and diligence, greater than the law requires. Duffy v. Chicago & Northwestern Railway Co., 32 Wisconsin, 274; Davis et al. v. N. Y. C. & H. R. R. Co., 47 N. Y. 400; Richardson v. N. Y. C. & H. R. R. Co., 45 N. Y. 847. In the

absence of any warning she had the right to assume that no train was approaching and that it was safe to proceed; and she having used this precaution it can not with propriety be said that she was guilty of negligence." In the case of the I. & St. L. R. R. Co. v. Stables, 62 Ill. 319, Judge Walker says: "Defendant showed that he was trying to exercise caution when he stopped sixty-five yards from the railroad track and looked and listened for the train, and neither seeing it nor hearing it he then proceeded to cross the track. An engine driver might have been able to calculate the chances more accurately than he did. The jury, no doubt, declined, and properly so, to determine the question of prudence by so high a standard. He no doubt supposed, and it is probable that the great majority of men not skilled or familiar with the speed of railroad trains would have supposed, that there being no train in hearing he could have ⸢trotted his horses sixty-five yards before a train at ordinary speed could reach the crossing." In the case of Dimick, Adm'r, v. C. & N. W. Ry. Co., 80 Ill. 339, it was held that when a person approaching a railroad crossing, when near to it, looks and listens for an approaching train, and no warning is given him by bell or whistle, he will be guilty of no negligence on his part in going upon the track. And that when a railroad company permits brush and other obstructions on its right of way so as to prevent the view of approaching trains by travelers on the highway crossing its track, and neglects to give any signal of danger by a train approaching the crossing, either by ringing a bell or sounding a whistle, whereby a party is injured, it is guilty of negligence.

There was a conflict in the evidence as to whether the bell was rung or the whistle sounded, and also as to whether there were trees, brush or weeds on the appellant's right of way at or near the crossing so as to prevent persons using ordinary diligence from discovering the approach of trains. As was held in C., B. & Q. R. R. Co. v. Lee, Adm'x, 87 Ill. 457, "The policy of our system of jurisprudence is, that as the jury system was established and is maintained for the finding of disputed facts at common law, it is the province of the jury

to do so, uncontrolled by the court, if the evidence tends to support their finding. It is only by force of our statute that we have power to review their finding, and under long established practice we will not, unless compelled from want of evidence, or its too manifest weakness and insufficiency to sustain the finding, reverse because the finding is against the evidence. We will not lightly disturb the finding of a jury whose province it is to find facts, and the circuit judge who heard the evidence and approved the finding by refusing to set aside the verdict." The same rule is stated in Adams v. Suver, 89 Ill. 432, and in Conn. M. L. Ins. Co. v. Ellis, same, 516. There was no error in the admission of evidence.

It is insisted by appellant that the court erred in refusing certain instructions. Upon a careful examination of the instructions given for appellant, as well as those refused, we find no error. Every question presented in the refused instructions has been substantially embraced in those already given, and as we think in a clearer and more intelligible form. As held in Hessing v. McCloskey, 37 Ill. 342, " An instruction which is fully embraced in another, already given, may properly be refused." " It is not error for the court to refuse an instruction which in substance has already been given to the jury." McKichan v. McBean, 45 Ill. 228.

The issue formed in this case was fairly presented to the jury and their verdict was against the appellant on that issue. We can not say from a careful inspection of the who e record that the verdict is clearly against the weight of the evidence and finding no error in the instructions, the judgment is affirmed.

Affirmed.