## WESTERN ASSURANCE COMPANY
## v.
## ALBERT M. WEAVER.

*Instructions—Conflict of Evidence—Insurance—Fraud—Improper Evidence.*

1. Where the testimony is contradictory and unreconcilable and the jury are properly instructed, a new trial will not be awarded.

2. When the evidence is conflicting the instructions must not only be accurate but also clear and perspicuous.

3. The rule that erroneous instructions will not vitiate when it appears that substantial justice has been done, does not apply in cases where the evidence is strongly conflicting and the merits of the case doubtful.

4. In an action upon a policy of insurance, wherein the evidence is conflicting, confused and very unsatisfactory, it is *held:* That the instructions given were not sufficiently accurate; that an instruction upon an issue not made by the pleadings was erroneous and misleading; and that the plaintiff was improperly allowed to give his reasons for employing a third person.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. D. J. SCHUYLER and STEVENS, LEE & HORTON, for appellant.

Messrs. CRATTY BROTHERS, FULLER & GALLUP and MILES A. FULLER, for appellee.

. WELCH, J. This was an action brought by the appellee against the appellant upon a policy of insurance issued by the appellant to the appellee on the 15th day of September, 1883.

The declaration contained a special count and common counts. In the special count the policy was set out in *haec verba*. By the policy the defendant insured the appellee from the 15th day of September, 1883, to the 15th day of September, 1884, against loss or damage by fire, to the amount of $1,000 on his stock of furniture, etc. Said property was destroyed by fire on the 31st of January, 1884. The policy contains the following provisions :

3. "If the interest of the assured in the property be any other than the entire unconditional and sole ownership of the property for the sole use and benefit of the assured * * * it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."

7. "The use of general terms or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein."

8. "* * * The assured shall, if required, submit to an examination or examinations under oath, by any person appointed by the company, and subscribed thereto, when the same is reduced to writing. * * * All fraud or attempt at fraud by false swearing or otherwise, shall forfeit all claim on this company and be a perpetual bar to any recovery under the policy."

The appellant filed the general issue and special pleas.

Appellant by his special pleas put in issue the question of the sole, absolute and unconditional ownership of said property at the date of the insurance, and at the time of its destruction. Also the question of fraud in the obtaining of the policy from the appellant by the appellee. And that the property was destroyed by the appellee or through his procurement, etc. Trial and verdict for appellee for the sum of $1,125.16. Motion for new trial. Motion overruled and judgment on verdict, from which this appeal is taken. Various errors are assigned. Under the issues and evidence in this case, one of the principal questions to be determined by the jury was, whether the appellee at the date of the issuance of the policy of insurance, and at the time the property was destroyed by fire had the entire, unconditional and sole ownership thereof.' It is claimed by counsel for appellee that this was a question of fact for the jury, and that their finding should not be disturbed by this court unless it is apparent that they were controlled in their finding by passion or prejudice.

The rule is well established by a uniform line of decision of the Supreme and Appellate courts of this State, that when the jury are properly instructed and when the testimony is contradictory and unreconcilable a new trial will not be awarded. The rule is equally as well established that when there is a conflict of evidence and it is doubtful which way the jury should find, the instructions must not only be accurate, but also clear and perspicuous. Volk v. Roche, 70 Ill. 297; Neuerberg v. Gaulter, 4 Ill. App. 348; Brantigam v. While, 73 Ill. 561.

They should aid the jury in arriving at a correct conclusion, and should not be calculated to mislead or leave them in doubt as to the law arising upon the evidence. If the instructions given in such case are of this character, a new trial will be granted. We do not deem it necessary to state the evidence in detail as shown by this record. It is sufficient for us to say that upon a thorough examination of the evidence upon this and other issues, it is conflicting, confused and very unsatisfactory. It was necessary in order to enable the jury to arrive at a correct conclusion, that the instructions should have been accurate, clear and perspicuous.

It is insisted by counsel for appellant that the fourth, sixth, seventh and eighth instructions, given on the part of the appellee, were erroneous and that they should not have been given. It is admitted that no such issue was made by the pleadings as would authorize the fourth instruction.

The fourth instruction told the jury "that the defendant could not avoid its contract of insurance by impeaching the mode by which the insurer obtained title to his property, or in other words, by setting up fraud committed upon other parties; that it made no difference as between the parties to this suit whether he obtained his title to said property in fraud of the rights of the creditors of anybody else from whom he made purchases of any part of said property." Upon the issue of sole, unconditional and absolute ownership of the property, the evidence tended to show that a large amount of this property was shipped from Chicago to Peoria by Bamburger when he was in failing and insolvent condition; that this was done for the purpose of securing to himself a business at that place when the crash should come, and that he did so, and that the fraud consisted in the fact of appellee carrying on the business in his own name for Bamburger and concealing such fact from the appellant. This instruction was misleading and erroneous, and should not have been given. The sixth instruction given for appellee told the jury, "while it is true that statements made by the plaintiff in accordance with the terms of the policy, under oath before an adjuster of the company, will vitiate the policy," still these statements must have been made, first, in respect to a matter material to the risk or to the alleged loss; second, they must have been wilfully and knowingly false. And unless these ingredients concur and are proven by a preponderance of the evidence, then it furnishes no evidence in this case.

The conditions of the policy require the appellee, when requested, to submit to examination or examinations under oath, by any person appointed by the company, and subscribe thereto when the same is reduced to writing. It is insisted by counsel for appellant that this instruction is erroneous. They insist that the court should have, by this instruction, told the

jury what facts were material to the risk, and upon which examination might be made and not left the jury to determine for themselves. It is conceded by counsel for appellee that there would be force in this objection, was this the only instruction, but it is insisted that in the other instructions of both appellee and appellant, the force and effect of the policy, what was and what was not material to the risk, are fully and clearly set out by the court, and that the jury could not have been misled. We are of the opinion that the other instructions given for the appellee do not fully and clearly set out what matters were material to the risk or to the alleged loss. The answers to which, under oath, if wilfully and knowingly false, would vitiate the policy. We find a reference to certain matters that are stated to be material to the risk in the 8th and 9th instructions given for the appellant, in the language of the Supreme Court in Ill. Cent. R. R. Co. v. Moffitt, 67 Ill. 431: " When the evidence is conflicting and there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case; not only his own instructions shall be proper, but those of the opposite party shall be free from error." It was error to submit to the jury questions of law. Henderson v. Henderson, 88 Ill. 248; Moshier v. Kitchell, 87 Ill. 18.

The rule that erroneous instructions will not vitiate when it appears that substantial justice has been done, does not apply in cases where the evidence is strongly conflicting and the merits of the case doubtful. Davies v. Cobb, 11 Ill. App. 587. This instruction should not have been given. The seventh of appellee's instructions is as follows: "The jury are instructed by the court that the policy of insurance sued upon was issued upon the 15th day of September, 1883, and the material questions for your determination in this suit lie wholly on and after that date. Evidence had been introduced showing the relationship of appellee with Bamburger, the financial condition of both, the business in which they had both been engaged, the amount of goods shipped from Bamburger's store in Chicago to Peoria, who first visited Peoria, and who leased the building ; who was in the store with appellee assisting in its

management from its commencement, when Bamburger came to Peoria; who leased the other buildings, what were the acts, conduct, manner, etc., of appellee and Bamburger as to the business and ownership of the goods; who applied for the insurance, etc. This evidence was competent and was so admitted as tending to show that appellee was not the owner of said property; that it was Bamburger's at the date of the policy." This instruction was misleading. The jury would and must have understood that they, by this instruction, were directed to exclude from their minds in considering on their verdict all of the evidence of the appellant before the date of the policy tending to show the interest of the appellee in the property insured.

It is insisted by appellant that the eighth instruction does not correctly submit to the jury the question of ownership of the property. The question to be submitted to the jury under the conditions of the policy was whether his interest was entire, unconditional and sole for his sole benefit. The instruction should have been so framed as to submit the question in the form required by the policy and by the pleadings in the case.

It is also insisted by the counsel for the appellant that the court erred in allowing appellee to give his reasons for employing Bamburger. Appellee was asked this question: " State your reasons for employing him." Objected to; objection overruled; exception by defendant. The objection should have been sustained. What his reasons for hiring him were, was not important or material. What he did was the only legitimate inquiry.

We do not deem it necessary to pass upon the questions presented as to the action of the court in overruling the appellant's motion for a continuance.

For the errors herein indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*