The People v. Brumback.

---

The People of the State of Illinois, for use, etc.,

v.

Silas Brumback et al.

*Dram Shops—Death Caused by Intoxication—Action on Bond of Liquor Dealers—Evidence—Conflict of—Instructions—Pleading.*

1. Where the evidence is sharply conflicting the instructions must accurately state the law of the case.

2. An instruction which calls special attention to some particular part or parts of the evidence is erroneous.

3. It is error to give an instruction which is not based upon the evidence.

4. In an action brought on the bond of certain liquor dealers to recover damages for causing the plaintiff's husband to become a drunkard and thereby causing his death while intoxicated, it his *held:* That an instruction from which the jury must have understood that the defendants were not liable, although the deceased was killed in consequence of being drunk from liquors furnished in whole or in part by the defendants, is erroneous; that the declaration, charging that he was killed by an engine and train of cars, would sustain a recovery if any part of the train struck and killed him; and that the admission of the opinions and surmises of certain witnesses, who saw the deceased after his death, as to the cause of death, was improper.

[Opinion filed December 16, 1887.]

Appeal from the Circuit Court of Iroquois County; the Hon. Alfred Sample, Judge, presiding.

Messrs. Kay & Euans, for appellant.

Messrs. Doyle, Morris & Pierson and J. B. Rice, for appellee.

WELCH, J. This was an action of debt brought on a liquor bond. The declaration charges that the defendants, Silas Brumback and Morgan Hix, had obtained a license to sell and give away intoxicating liquors in the village of Milford in Iroquois County, and that they, with the other defendants, John Wood, Thomas Jones and Isaac Bennett, executed the bond sued upon; that during the time said bond was in force, said Brumback and Hix sold and gave away to William Laird, husband of Matilda J. Laird, the appellant, intoxicating liquors whereby they caused him to become a habitual drunkard; that on the 24th day of April, 1882, said bond still being in force, said Brumback and Hix sold and gave away to said William Laird intoxicating liquors, whereby he became intoxicated, and being so intoxicated went upon the railroad track of the Chicago & Eastern Illinois Railroad Company where it passes through said county, and while so intoxicated then and there was struck by an engine and train of cars on said railroad company's track and killed; and that appellant, then being his wife, was deprived of her means of support and sustained damages to the amount of $3,000. Plea of *nil debit* for all defendants and *similiter*. Trial and verdict for defendants. Motion for new trial. Motion overruled and judgment on verdict for the defendants, from which this appeal is taken. Various errors are assigned. There was a sharp conflict in the evidence upon the issues presented by the pleadings. In such case it was absolutely essential that the instructions given by the court should accurately state the law. Neuerberg v. Gaulter, 4 Ill. App. 348, and authorities cited; Stearns v. Reidy, 18 Ill. App. 582; Wabash Ry. Co. v. Henks, 91 Ill. 406; Cushman v. Cogswell, 86 Ill. 62; Nicholson v. Mitchell, 16 Ill. App. 647; Harvey v. Miles, 16 Ill. App. 533.

The fifth instruction given for the appellee calls special attention to certain unimportant circumstances, and singles out particular testimony and calls special attention thereto. This form of instruction has frequently been declared vicious by our Supreme Court. In Callaghan v. Meyers, 89 Ill. 566, it was said: " The practice would be pernicious to permit each party to ask an instruction on every item of evidence in the

case, and, if this was sanctioned, to be consistent, we would be compelled to sanction such a practice.    All know, and the jury fully understand, that all evidence admitted on a trial is for consideration, and to permit a single item or a few items to be selected and they especially directed to consider it, or them, gives too much prominence to such evidence to be fair to the other party, and we have so held in numerous cases."

The sixth of appellee's instructions told the jury " that to entitle the plaintiff to recover in this case, it must appear from the evidence that the death of William Laird was caused by the acts of the defendants, or one of them, as charged in its declaration, and that his death was not the result merely of accident." The jury would have understood from this instruction, that although they believed from the evidence that the deceased was drunk from liquor furnished in whole or in part by the acts of the defendants, or some of them, as charged in the declaration, and whilst in that condition and in consequence thereof, he stumbled and fell as the train passed and was killed, yet the defendants would be excused.    This is not the law ; defendants would be liable in such case.    In Brannan v. Adams, 76 Ill. 331, 335, it was held: " If the appellants sold Mitchell liquor that made him drunk, and whilst drunk from the liquor they sold him and as a consequence thereof he fell and broke his leg, and by reason thereof it became necessary that appellee, or some other person, should take charge of him, and to be kept by him until he recovered, and appellee did so care for him, he is entitled to recover."    This instruction is erroneous upon another ground, that there was no evidence upon which to base it.    Leckie v. Brown, 43 Ill. 372 ; Prescott v. Maxwell, 48 Ill. 82.

The seventh instruction for appellee told the jury they must not find for appellant unless Baird was killed by the engine. " If the wounds were received in some other manner or resulted from some other cause then they should find for the defendants."    The declaration charged that he was struck and killed by a passing engine and train of cars.    If any part of the train struck and killed him, under this declaration, appellant was entitled to recover.

We think, however, that by far the most serious and manifest error in the record was in allowing a large number of the witnesses, who saw the deceased after his death, to give their opinions and surmises as to how Laird came to his death. It can not be doubted but that this wholly incompetent testimony was calculated to and probably did influence the jury in finding their verdict.

For the errors herein indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*