George A. Maneaty, et al., v. Percival Steele.

Gen. No. 11,103.

1.   ATTORNEY'S FEES—*how value of, determined.*   Where the only question is, as to the amount due for attorney's fees, the proper question to be put to an expert witness is, what is the usual and customary charge for such services as were rendered; but if there is no usual and customary charge for such services, it is proper to ask what such services are reasonably worth.

2.   ATTORNEY'S FEES—*how objection to proof of value of, should be made.*   A general objection to a question inquiring as to the fair and

reasonable value of attorney's services is not sufficient to raise the question that the inquiry should be directed to what is the usual and customary charge for such services.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 25, 1904.

WILLIAM A. CUNNEA, for appellants.

STEELE & WEISSENBACH, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee, in an action of assumpsit against appellants for professional services as their solicitor, recovered judgment for the sum of $175, from which judgment this appeal is taken. The only contentions of appellants' counsel are, that the court erred in permitting appellee's attorney to ask what was the fair and reasonable value of the services testified to, and permitting the witnesses to answer the questions; and that the court erred in instructing the jury, in substance, that, if they found for the plaintiff, they should assess his damages at what they believed from the evidence was the fair and reasonable value of his services. Counsel contend that the question should have been what was the usual and customary fee for appellee's services. What is the fair, usual and customary fee, is the proper question, when it appears that there is a usual and customary fee for the services performed; but when such is not the case, it is proper to prove what the services were reasonably and fairly worth. L. N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87. See, also, Bennett v. Connelly, 103 Ill. 50.

One witness for defendant, John W. Humphrey, testified that, in his opinion, one hundred dollars would be the usual and customary fee for such services as the appellee rendered, but he was not asked, nor did he testify, directly, that there was a usual or customary fee for such services as those rendered by appellee. When the questions were asked the witnesses as to the fair and reasonable value of the services, appellants' attorneys merely objected gener-

ally. Even if the questions were improper, a general objection was not sufficient, because, as above stated, the question is a proper one when there is no usual or customary fee. It was incumbent on appellant to specify the objection. We know of no usual or customary fee for such services as were performed by appellee.

We find no reversible error in the instruction of the court to the jury. In appellants' reply brief an objection is made to the instruction not noticed in their brief in chief, and therefore waived; but even though we should consider it, it would not avail appellants, as we think it could not have misled the jury.

The judgment will be affirmed.

*Affirmed.*