## John C. P. Rurup, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 14,171.

VERDICT—*when not disturbed.* Where the evidence is conflicting a verdict will not be set aside as against the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909. Rehearing denied, opinion modified and refiled February 18, 1909.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

WALTER A. BRENDECKE, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee, plaintiff below, sued appellant for damages, for an injury to his person, alleged to have been caused by appellant's negligence. The sufficiency of the declaration is not questioned. The defendant pleaded the general issue. The jury found for the plaintiff and assessed his damages at the sum of $10,-000, and the court overruled the defendant's motions for a new trial and in arrest of judgment and rendered judgment on the verdict.

The plaintiff was a passenger on one of defendant's street cars, bound northwest on Elston avenue, a street of the city of Chicago lying northeast and southeast. The train in which the car was consisted of a closed motor car and a trailer, an open summer car. The motive power of the train was electricity. The plaintiff was on the rear platform of the front or motor car. When the train reached the intersection of Elston avenue and Kedzie avenue, an east and west street,

it was stopped to permit passengers to alight, and the plaintiff, when attempting to alight, fell or was thrown from the car and was seriously and, as the evidence tends to prove, permanently injured. The plaintiff's claim is, that when the car stopped and was standing, he attempted to alight from it, and that while he was so attempting, and before he had sufficient time to alight, the car was suddenly and violently started, with a jerk, throwing him to the ground. The defendant's contention is, that plaintiff attempted to alight from the car while it was in motion, after having stopped at Elston and Kedzie avenues to discharge passengers, and after it had started from there.

There was a former trial of the cause, resulting in a judgment for $9,500, from which an appeal was taken to this court, and we reversed the judgment and remanded the cause. On the last trial the witnesses were the same as on the first, with the exception that the plaintiff produced three additional witnesses and the defendant one additional witness. The defendant's counsel contend that the verdict is contrary to the preponderance of the evidence, and that the trial court erred in modifying instructions requested by the defendant, and in giving them as modified.

As the question whether the verdict is against the weight of the evidence can only be determined by an examination of the evidence, we have carefully read and examined the evidence, and the arguments of counsel in respect to it. On the main issue in the case, namely, whether the plaintiff attempted to alight when the car had stopped to permit passengers to alight, or whether he so attempted after the car had started from the place where it had stopped, and was moving on its way to its terminus, the evidence is directly conflicting and utterly irreconcilable. The same is true of other material and controverted matters. The plaintiff called eight and defendant seven witnesses. In this state of the evidence it was for the jury to

determine which witnesses were entitled to credence, those for the plaintiff or those for the defendant. Western Insurance Co. v. Weaver, 23 Ill. App. 95; McKichan v. McBean, 45 Ill. 228; Hope Ins. Co. v. Lonergan, 48 *ib.* 49; McCarthy v. Mooney, 49 *ib.* 247.

In Shevalier v. Seager, 121 Ill. 564, which was a contested will case, the court, after stating the rule in the case of conflicting evidence, say: "The truth is, the rule could not be otherwise, without invading the province of the jury to determine the credibility of witnesses, and to say which of them are to be believed in case of a conflict." *Ib.* 569. See, also, page 570, where it is clearly stated that, in case of a conflict, it is for the jury to determine what witnesses are to be believed.

We are not forgetful that it is our duty to set aside a verdict when it is manifestly against the weight of the evidence; but in this case the evidence is so conflicting that if the verdict were for the defendant, we would not feel warranted in setting it aside. The verdict is supported by the evidence, and we cannot say that it is manifestly against its weight.

Two juries have found for the plaintiff, and the trial court refused, in each instance, to set aside the verdict. This indicates the improbability of a different result should another trial be awarded. Three instructions requested by defendant concluded with the words, "you should find the defendant not guilty." The court struck out these words and gave the instructions without them. The meaning of each of the instructions was substantially the same after the words were stricken out as before. We find no reversible error in the court's action in the premises, or in the record.

The judgment will be affirmed.

*Affirmed.*